STATE, Respondent, v. CLEVELAND, Appellant.

*Nos. State 18, 19. Argued March 3, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 899.)

---

[2] *See* Wis J I—Criminal, Part II, 1130, 1135.

For the appellant there was a brief by *Brady, Pachefsky & Sullivan,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Robert J. Brady.*

For the respondent the cause was argued by *Joseph E. Tesch,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

WILKIE, J. A single issue is determinative of this appeal. It is whether the appellant waived his constitutional right to a jury. He did not. He is entitled to a new trial on this ground alone. We can reach the merits of this issue on this appeal despite the fact that appellant failed to make any motions after verdict in the trial court attacking this or any other alleged error in that court's proceedings.[1]

In *Finger v. State* we stated that:

"While we deem it highly desirable that the appropriate motions be made after trial in both jury and non-jury cases, . . . we do not hold that such a motion is mandatory to secure a review of the evidence in a non-jury criminal case . . . ."[2]

This was a nonjury case and the fact that no motion for a new trial was made asserting the absence of a jury-trial waiver by the appellant does not prevent appellant from seeking review of this error for the first time on appeal. In any event, in light of the seriousness

[1] *Finger v. State* (1968), 40 Wis. 2d 103, 161 N. W. 2d 272.

[2] *Id.* at page 108. Sec. 974.02 (5), Stats., ch. 255, Laws of 1969, provides: "A motion for a new trial is not necessary to review errors on a trial to the court without a jury."

of appellant's charge that he did not waive his constitutional right to a jury trial, this is the type of question that this court will review in the exercise of its discretion.

It is undisputed that the appellant demanded a jury trial, that he did not receive one, and that there is no oral or written waiver of record.

Respondent argues that the record is sufficient to sustain an implied waiver of trial by jury. The argument goes that because appellant initially demanded a jury he was aware of his right to a jury and that this knowledge, coupled with the change in evidence occurring as a result of the successful motion to suppress and the failure to object to trial by the court is sufficient showing on the record of appellant's intent to waive his right to a jury trial. The requirements of the Wisconsin Constitution under art. I, sec. 7, and of sec. 972.02, Stats., make it crystal clear that a jury waiver must appear on the record.

Art. I, sec. 7 of the Wisconsin Constitution, guarantees a trial by jury in prosecutions by indictment or information.

"**Rights of accused.** SECTION 7. In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf; and in prosecutions by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; which county or district shall have been previously ascertained by law."

Trial by jury can be waived by statute. Such statute, sec. 972.02, in pertinent part provides:

"972.02 **Jury trial; waiver.** (1) Except as otherwise provided in this chapter, criminal cases shall be tried by

a jury of 12, drawn as prescribed in ch. 270, unless the defendant waives a jury in writing or by statement in open court, on the record, with the approval of the court and the consent of the state."

In *State ex rel. Derber v. Skaff*,[3] this court had occasion to interpret sec. 972.02, Stats., and articulated what would be required to satisfy the statute:

". . . In view of the importance of the right of jury trial as a constitutionally protected right, we would agree that a written waiver signed by the attorney alone or an oral waiver by the attorney out of the presence of the defendant would not be sufficient without something of record to show authorization or ratification by defendant."[4]

By requiring a jury waiver to be on the record we are emphasizing the importance of that right. Neither circumstantial evidence nor reasonable inference will support a waiver. This is a right which is far too important, and we consider the possible inferences such as are suggested in the state's arguments too speculative for this court to indulge in any conjecture as to the possibility of waiver.

The right to a jury trial is fundamental. Sound public policy demands that when that right is violated there must be an automatic reversal of conviction.

As an additional error the appellant contends that it was erroneous for the judge who ruled on the motion to suppress out-of-court statements to also sit as the trial judge.

We reach this question because of the wide practice wherein the same judge who conducts a *Goodchild* or other proceeding prior to trial continues on as the judge who conducts the actual trial proceedings. In *State v. Carter*[5] this court refused to find any error in a proce-

---

[3] (1964), 22 Wis. 2d 269, 125 N. W. 2d 561.

[4] *Id.* at page 274.

[5] (1966), 33 Wis. 2d 80, 146 N. W. 2d 466.

dure where the same trial judge who presided at the trial also conducted a supplementary evidentiary hearing to determine the voluntariness of a confession by the defendant. We stated "We wish to point out that judicial knowledge, properly acquired, concerning the defendant cannot be the basis of disqualification." [6] The court quoted with approval from *United States v. Brooks:* [7]

" '. . . This is a common function in the work of trial judges, and the absence of a rule requiring one judge to hear the testimony on voluntariness of a confession and another to determine guilt indicates satisfaction with the present practice. To hold otherwise would work an undue and unwarranted burden on district courts, especially in a case like this, where the issue of voluntariness does not arise until after the trial has commenced and defendant has waived a jury trial. Our jurisprudence postulates the ability of judges to dismiss from their minds, in reaching decisions, offers of evidence excluded by rulings after hearing arguments on admissibility of that evidence.' " [8]

In *State v. Knoblock* [9] this court held that "constitutional due process does not require that the trial be presided over by an individual other than the one who presided at the preliminary examination."

We see no constitutional reason why a separate judge must conduct trial proceedings from the one presiding at the pretrial *Goodchild* proceedings. Judges can dismiss from their minds, in reaching decisions, knowledge

---

[6] *Id.* at page 88.

[7] (7th Cir. 1965), 355 Fed. 2d 540, 542.

[8] *State v. Carter, supra,* footnote 5, at page 88.

[9] (1969), 44 Wis. 2d 130, 136, 170 N. W. 2d 781. The court in *Knoblock* held that there was no constitutional right to a different judge. However, *see* sec. 971.21, Stats., ch. 255, Laws of 1969, passed after the decision in *Knoblock,* providing:

"**Eligibility of judge to conduct trial.** The judge who conducts the preliminary examination shall not conduct further proceedings unless the defendant and the district attorney consent on the record."

of evidence previously excluded. The job of a judge is to conduct the appropriate proceedings with due regard to the nature of those proceedings and the quantum of proof required. It is not constitutionally necessary to provide a different judge at every turn in the proceedings.[10] The appellant here was not entitled to a different judge.

*By the Court.*—Judgments reversed and cause remanded for a new trial.

---

[10] *See Bohachef v. State*, post, p. 694, 185 N. W. 2d 339, decided this assignment, for further discussion of this matter.