**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Hershel RADFORD, Defendant-Appellant.**

**No. 18741.**

United States Court of Appeals,
Seventh Circuit.

Nov. 4, 1971.

Thomas T. Schlake, Skokie, Ill., for defendant-appellant.

Henry A. Schwarz, U. S. Atty., E. St. Louis, Ill., Jeffrey F. Arbetman, Ronald A. Lebowitz, Asst. U. S. Attys., for plaintiff-appellee.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge, and KERNER, Circuit Judge.

KERNER, Circuit Judge.

The defendant, Charles Hershel Radford, was found guilty in a bench trial before the district court, for the interstate transportation of a stolen automobile in violation of 18 U.S.C. § 2312, and sentenced to three years.

This conviction followed the April 22, 1970, arrest of the defendant by the sheriff and a deputy of Lawrence County, Illinois. Examination of the record discloses the following facts: On April 22, 1970, the arresting officers were routinely patrolling Alternate Route 250, approximately a mile and one-half west of Lawrenceville, Illinois, when they observed a black 1959 Chevrolet with a Missouri dealer's license plate, parked along a little used dirt road leading to an oil lease. The officers testified that they believed the vehicle to be having mechanical trouble and approached it to offer assistance. Their examination of the vehicle revealed the defendant asleep in the back seat, a six-pack of beer in the front seat and an automobile radio on the floor of the rear seat. The officers then woke the defendant and asked if they could be of assistance. The defendant responded that he was simply "taking a nap."

At this point, the officers requested defendant's driver's license and the registration for the automobile. Able to produce a provisional permit from the State of Indiana, but unable to produce the registration for the car, the defendant was taken to the courthouse at Lawrenceville. An immediate check of the license plates by the authorities revealed that the car had been stolen from a Chevrolet dealer in Mountain Grove, Missouri.

■■■ The defendant challenges this conviction on three separate grounds. First, defendant asserts that the arrest was invalid because it lacked probable cause and that the evidence acquired as a result of it is inadmissible. We are unable to find that any evidence not otherwise available to the officers was obtained as a result of the arrest. At the time the officers approached the defendant's car, the Missouri dealer's license plates were visible to them. With that information, they were in a position to ascertain that the car was stolen. No search was conducted and no additional information was obtained as a result of the arrest.

The mere fact that an arrest is improper, in itself, presents no constitutional issue unless it is found that the defendant was in some way prejudiced by it. Hairston v. Cox, 311 F.Supp. 1084, 1097 (W.D.Va.1970), Delano v. Crouse, 327 F.2d 693 (10th Cir. 1964). The constitutional protection against arrest without probable cause is exclusionary in nature and where, as here, no evidence is obtained from the arrest, there is nothing to exclude.

The defendant next contends that he was denied the right to a trial by jury as guaranteed by Article III, Section 2, of the United States Constitution. This contention is advanced upon two theories; first, that he was improperly persuaded by his appointed counsel to forego a trial by jury so his counsel's vacation plans would not be interrupted; and second, that the failure of the United States Attorney to sign the jury waiver in conformance with Rule 23(a) of the Fed.Rules Crim.P. rendered it ineffective.

■■ A jury waiver, to be effective, must be intelligently, competently and self-protectingly made, and a determination of whether a particular waiver meets these standards must be made in light of the unique circumstances of each case. Adams v. United States ex rel. McCann, 317 U.S. 269, 278, 63 S.Ct. 236, 87 L.Ed. 268 (1942). In the instant case, defendant's counsel appears to have been concerned with obtaining a trial date which would not interfere with his vacation plans, and while that may have influenced his advice to the defendant regarding the jury waiver, we are unwilling to conclude that such was the only factor or that it caused defendant's waiver to be unintelligent. The defendant not only signed the waiver,

but was questioned by the trial judge and his own counsel concerning his desire to do so. On two separate occasions he unequivocally stated that it was his own desire to waive his right to a trial by jury.

■ With respect to defendant's contention that the government's failure to sign the waiver form caused it to be invalid, we find that defendant misapprehends the purpose behind Rule 23(a).[1] This rule requires that an effective jury waiver be in writing, approved by the court and with consent of the government. The requirement of government consent serves only to protect the government's right to a jury trial,[2] and where, as here, the government does not complain of the waiver, the defendant cannot repudiate his signed waiver by asserting the United States Attorney's non-signing as a defect.

■ Finally, turning to the question of the competency of the defendant's trial counsel, it is contended that the appointed counsel did not prosecute the cause with sufficient vigor and ability to insure the protection of the defendant's right to a fair trial. That contention is based upon the failure of defendant's counsel to adequately cross-examine one of the government witnesses. Questions of trial technique and strategy, being peculiarly individual in nature, are subject to appellate court scrutiny only where the representation is shown to have been so inadequate as to have virtually deprived the defendant of a trial. This court noted its reluctance to second guess an attorney's trial strategy, absent a compelling showing of incompetence, in United States v. Bella, 353 F.2d 718, 719 (7th Cir. 1965):

> Unless a strong showing is made that conduct of counsel virtually deprived defendant of a trial, matters of trial conduct and tactics adopted pursuant to defense counsel's professional opinion on the merits of the case should not be subjected to critique by a court of appeals.

The record, when viewed as a whole, will not support the conclusion that defendant's representation was so inadequate as to have deprived him of a fair trial. We note additionally that the testimony of the witness in question was substantially identical to that of a former government witness who was adequately cross-examined by defense counsel. In such a situation, we do not believe that the decision not to vigorously cross-examine this witness was indicative of incompetence.

For these reasons, the conviction is affirmed.

Affirmed.

1. Rule 23(a) states:
   (a) Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

2. The Supreme Court dealt with the government consent requirement in Singer v. United States, 380 U.S. 24, 34, 36, 85 S.Ct. 783, 790, 13 L.Ed.2d 630 (1965). It is clear from that opinion that the requirement was designed solely to protect the government's interest in a trial by jury:
   The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right. * * * We find no constitutional impediment in conditioning a waiver of this right (to jury trial) on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result. This recognition of the Government's interest as a litigant has an analogy in Rule 23(b) of the federal rules, which permits the Government to challenge jurors peremptorily.