STATE of Wisconsin, Plaintiff-Respondent,

v.

Tyran N. ANDERSON, Defendant-Appellant-Petitioner.

Supreme Court

*No. 00–1563–CR. Oral argument October 4, 2001.—Decided January 24, 2002.*

2002 WI 7

(Also reported in 638 N.W.2d 301.)

587

For the defendant-appellant-petitioner there were briefs and oral argument by *Michael K. Gould,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Gregory M. Weber,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

¶ 1. N. PATRICK CROOKS, J. Tyran N. Anderson seeks review of an unpublished court of appeals deci-

sion affirming his conviction for disorderly conduct,[1] contrary to Wis. Stat. § 947.01 (1997–98).[2] Anderson contends that his jury trial waiver was both statutorily and constitutionally inadequate because the circuit court and the State failed to affirmatively approve and consent to the waiver, and the circuit court did not engage him in a personal colloquy confirming the written waiver.

¶ 2. We reject Anderson's argument that his jury trial waiver is invalid because the record lacks the required approval of the court and consent by the State. We conclude that the circuit court approved Anderson's jury trial waiver by accepting the waiver on the record, scheduling a bench trial, and then subsequently conducting a bench trial. Similarly, we conclude that the State consented to Anderson's jury trial waiver by participating in a bench trial without voicing objection.

¶ 3. With regard to Anderson's argument that the circuit court erred by failing to engage him in a personal colloquy, we hold that the record is insufficient to determine whether Anderson's jury trial waiver was knowing, intelligent and voluntary. We, therefore, hold that the circuit court should have engaged Anderson in a personal colloquy. We reverse the decision of the court of appeals, and remand for an evidentiary hearing to

---

[1] Although not relevant to the merits of this case regarding the validity of Anderson's jury trial waiver, we note an inconsistency in the record. The trial court proceedings reveal that Anderson was convicted of battery, contrary to Wis. Stat. § 940.19(1). Anderson was also sentenced pursuant to a judgment of conviction for battery. The written judgment of conviction, however, shows Anderson was convicted of disorderly conduct.

[2] All references to the Wisconsin Statutes are to the 1997–1998 version unless otherwise noted.

determine whether Anderson knowingly, intelligently and voluntarily waived his right to a jury trial. Furthermore, recognizing that a jury trial involves a fundamental right, we mandate the use of a personal colloquy in every case where a criminal defendant seeks to waive his or her right to a jury trial.

I

¶ 4. The relevant facts are not in dispute. In November, 1998, Anderson was charged in Milwaukee County Circuit Court with disorderly conduct, contrary to Wis. Stat. § 947.01.[3] The charge was later amended to battery under Wis. Stat. § 940.19(1).[4]

¶ 5. Assistant State Public Defender Paul Ksicinski initially represented Anderson, but moved to withdraw on January 26, 1999, citing attorney-client communication problems. On February 25, 1999, the circuit court granted Ksicinski's motion with Anderson's approval. Attorney Scott Connors was appointed as successor counsel. Six months later, Attorney Connors moved to withdraw, also citing, among other reasons, attorney-client communication problems. On October 13, 1999, however, Attorney Connors essentially withdrew his request to withdraw as counsel, acknowledg-

---

[3] Wisconsin Stat. § 947.01 states in full:

947.01 Disorderly Conduct. Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor.

[4] Wisconsin Stat. § 940.19(1) states in full:

940.19 Battery; substantial battery; aggravated battery. (1) Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor.

ing that Anderson was not entitled to another Public Defender appointment because of the prior withdrawal of Attorney Ksicinski.

¶ 6. The jury trial was scheduled for November 10, 1999. On that morning, when the case was called, Anderson was apparently slow in getting to the defense table and the court, the Honorable Mary M. Kuhnmuench, presiding, addressed Anderson in the following manner:

THE COURT: Mr. Anderson, you're going to have to do better than that. Get in the defense table. Hang on. You pull that crap in front of a jury and I can tell you—You get your butt from the jury box over to the defense table as quickly as possible. I'm not standing for any of this kind of garbage. Do you understand me?

THE DEFENDANT: (No audible response.)

THE COURT: Do you understand me? I don't want any comments from you. All I need from you is for you to do what I tell you to do when I tell you to do it.

¶ 7. After a brief discussion about prior convictions and jury instructions, the court advised counsel that they would begin picking the jury after lunch. Attorney Connors then informed the court that he had discussed with Anderson the possibility of having a bench trial rather than a jury trial. The court instructed Attorney Connors that he would have "to have a waiver of the jury trial form in the file." Anderson subsequently signed a jury trial waiver. The substance of the waiver reads in its entirety:

And now comes the above named defendant, and in his own proper person hereby expressly waives trial by a jury and consents to immediate trial before the court without a jury.

592

I will be giving up my right to have my case decided by 12 people sitting as a jury; I understand that all 12 of those people would have to agree in order to reach a verdict.

¶ 8. After a recess, the court reconvened and discussed Anderson's jury trial waiver. After stating appearances, the complete discussion went as follows:

THE COURT: The Court is in receipt of a waiver of trial by jury that is signed and dated today's date. The Court will receive it and enter it in the trial as a knowing and voluntary waiver of his right to a jury trial. We will proceed with a bench trial at 1:30 this afternoon. Are there any questions of the Court?

MS. ZIMMERS [State]: No.

THE COURT: We'll see you both back at 1:30.

When the proceedings reconvened, the case was presented to the circuit court and Anderson was found guilty.

¶ 9. Anderson appealed his conviction. The Court of Appeals found that Anderson's jury trial waiver was sufficient and affirmed the circuit court's judgment. On March 6, 2001, this court granted Anderson's Petition for Review.

II

¶ 10. A defendant's right to a jury trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 7 of the Wisconsin

Constitution.[5] While the right to a jury trial is recognized as a fundamental right, *see State v. Cleveland,* 50 Wis. 2d 666, 670, 184 N.W.2d 899 (1971), it is also well established that a defendant can completely waive the right to a jury trial in favor of a trial by the court. Wisconsin Stat. § 972.02 establishes the procedure for a criminal defendant to waive his right to a jury trial. Section 972.02(1) states:

> Except as otherwise provided in this chapter, criminal cases shall be tried by a jury selected as prescribed in s. 805.08, unless the defendant waives a jury in writing or by statement in open court or under s. 967.08(2)(b), on the record, with the approval of the court and the consent of the state.

---

[5] The Sixth Amendment to the United States Constitution provides as follows:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

Article I, Section 7 of the Wisconsin Constitution provides as follows:

**Rights of accused.** SECTION 7. In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf; and in prosecutions by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; which county or district shall have been previously ascertained by law.

¶ 11. This case is not the first opportunity for a Wisconsin appellate court to interpret Wis. Stat. § 972.02(1). Rather, previous cases interpreting § 972.02 have established several requirements for determining a valid waiver of the right to a jury trial. The waiver cannot be based on circumstantial evidence or reasonable inferences. *Cleveland,* 50 Wis. 2d at 670. The defendant, not his attorney, must waive the right to a jury trial by an affirmative act of the defendant himself. *State v. Livingston,* 159 Wis. 2d 561, 569, 464 N.W.2d 839 (1991). Furthermore, the court must advise the defendant of the unanimity requirement, such that the court cannot accept a jury verdict that is not agreed to by each member of the jury. *State v. Resio,* 148 Wis. 2d 687, 696–697, 436 N.W.2d 603 (1989). Finally, this court has stated that "[t]he right to a trial by jury is one of the rights that is 'so fundamental to the concept of fair and impartial decision making, that their relinquishment must meet the standard set forth in *Johnson v. Zerbst,* 304 U.S. 458 (1938).' " *Resio,* 148 Wis. 2d at 694 (quoting *State v. Albright,* 96 Wis. 2d 122, 130–131, 291 N.W.2d 487 (1980)). Accordingly, a jury trial waiver must be "an intentional relinquishment or abandonment of a known right or privilege." *Johnson,* 304 U.S. at 464; *see also Resio,* 148 Wis. 2d at 694.

¶ 12. Anderson claims his jury trial waiver is both statutorily and constitutionally infirm. First, he claims that his jury trial waiver does not comply with the requirements of Wis. Stat. § 972.02(1) because while his jury trial waiver was in writing, the record lacks the required "approval of the court and the consent of the state." Anderson also contends that his jury trial waiver is invalid, because the circuit court failed to engage him

in a personal colloquy to determine that his waiver was knowing, intelligent, and voluntary. We independently review both of Anderson's claims, benefiting from the analyses of the circuit court and the court of appeals. "Whether an individual is denied a constitutional right is a question of constitutional fact that this court reviews independently as a question of law." *State v. Klessig*, 211 Wis. 2d 194, 204, 564 N.W.2d 716 (1997) (reviewing whether defendant waived right to counsel).

¶ 13. Anderson first argues that the record fails to demonstrate approval of the court or consent by the State sufficient to satisfy Wis. Stat. § 972.02(1). Specifically, Anderson relies on *Spiller v. State,* 49 Wis. 2d 372, 182 N.W.2d 242 (1971), for his position that silence by the court and the State lacks the required affirmative acts, in order to waive the right to a jury trial.

¶ 14. In *Spiller,* the defendant claimed that he waived his right to a jury trial, making it error for his case to be subsequently tried before a jury. *Id.* at 373. At his arraignment, Spiller stated that he waived his right to a jury trial. *Id.* The transcript is silent, however, on the reaction of the district attorney and the court. *Id.* Nearly eight months later, Spiller's case went to trial before a jury and no mention was made of the alleged jury trial waiver. *Id.* On appeal, Spiller argued it was error for him to be subject to a jury trial because his jury trial waiver was valid. Focusing on the required approval of the court and consent of the State, this court held that there was no waiver of a jury trial because "silence as consent is not a reasonable inference when affirmative acts of consent and approval are required." *Id.* at 374. "[S]ilence on the part of the district attorney and the court is not tantamount to their respective consent and approval." *Id.* at 374–375.

¶ 15. The State argues that Wis. Stat. § 972.02(1) does not specify how the court's approval and the state's consent must be expressed, and that this court should infer approval and consent from the fact that the court and the State both proceeded with a court trial. According to the State, *Spiller* is not controlling because the facts are opposite and applying *Spiller* does not support the reasonable objectives of the statute. The defendant in *Spiller* allegedly waived his right to a jury trial, but he subsequently was tried before a jury. In contrast, Anderson waived his right to a jury trial and got what he asked for, a bench trial. The State argues that the approval and consent requirements of the statute are intended to preserve the state's interest in jury trials. When the State does not dispute the jury trial waiver, by silence and by going forward with a bench trial as requested by the defendant, the State argues that a defendant cannot rely on silence by the State and the court to invalidate the waiver.

¶ 16. We agree. Anderson cannot rely on silence by the State, and a somewhat incomplete acceptance by the court, to invalidate his jury trial waiver, when the State and the court both proceeded to a bench trial without objection. Although the court's approval of the jury trial waiver may not have been as explicit as it could have been, the record demonstrates that the court accepted the waiver and proceeded with a bench trial. Specifically, the court stated:

> THE COURT: The Court is in receipt of a waiver of trial by jury that is signed and dated today's date. The Court will receive it and enter it in the trial as a knowing and voluntary waiver of his right to a jury trial. We will proceed with a bench trial at 1:30 this afternoon.

This statement demonstrates that the court expressed its approval by accepting Anderson's written waiver, scheduling the bench trial, and later conducting a bench trial in this case.

¶ 17. With regard to the State's consent, we find this case is more akin to *United States v. Radford,* 452 F.2d 332 (7th Cir. 1971), rather than *Spiller.*[6] In *Radford,* the defendant claimed his jury trial waiver was invalid because the United States Attorney failed to sign the jury waiver form. 452 F.2d at 335. Looking at Federal Rule of Criminal Procedure 23(a),[7] the Court of Appeals for the Seventh Circuit held that the purpose of government consent is to protect the government's right to a jury trial.[8] *Id.* at 335. Accordingly, where the

---

[6] The state consent requirement was first established in 1949, *see* § 120, ch. 631, Laws of 1949, and is based on Federal Rule of Criminal Procedure 23(a). *See State v. Murdock,* 2000 WI App 170, ¶ 21, 238 Wis. 2d 301, 617 N.W.2d 175 (citing 1949 S.B. 474 and Senate Amendment 5). Federal cases addressing the government consent requirement, therefore, are instructive regarding the interpretation of Wis. Stat. § 972.02(1). *See id.*

[7] Federal Rule of Criminal Procedure 23(a) is nearly identical to Wis. Stat. § 972.02(1). Rule 23(a) states:

(a) Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

[8] The Court of Appeals for the Seventh Circuit relied on *Singer v. United States,* 380 U.S. 24 (1965). In *Singer,* the defendant offered to waive the right to a jury trial and the court was willing to approve the waiver, but the government refused to give its consent. *Id.* at 25. The United States Supreme Court examined the government consent requirement and found that the requirement was designed to protect the government's interest in a trial by jury.

We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial

government does not contest the waiver, the government's silence should be considered consent and the "defendant cannot repudiate his signed waiver by asserting the United States Attorney's non-signing as a defect." *Id.*

¶ 18. The United States Attorney's failure to sign the jury trial waiver is analogous to the State's silence in this case. Because the underlying principle of state consent is to protect the state's interest in jury trials, we find that Anderson cannot rely on the State's silence to invalidate his jury trial waiver. The fact that the State went forward with the court trial, and did not voice any opposition, demonstrates the State's consent to the jury trial waiver in this case.

¶ 19. We next address Anderson's contention that his jury trial waiver is invalid, because the circuit court failed to engage him in a colloquy. Anderson argues that without a colloquy, the court lacks sufficient information to guarantee that relinquishment of the right to a jury trial is knowing, intelligent, and voluntary. Anderson suggests that his written waiver is not sufficient to determine that he knowingly, intelligently, and voluntarily waived the right to a jury trial, because the court admonished him shortly before the waiver was accepted, and the record demonstrates he had problems communicating with his attorney.

---

judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

*Id.* at 36.

¶ 20. Relying on *State v. Livingston,* 159 Wis. 2d 561, 573, 464 N.W.2d 839 (1991), *State v. Cleveland,* 50 Wis. 2d 666, 670, 184 N.W.2d 899 (1971), and *State v. Moore,* 97 Wis. 2d 669, 294 N.W.2d 551 (Ct. App. 1980), Anderson contends that the proper remedy for the court's failure to engage him in a colloquy is reversal of his conviction and remand for a new trial. In all of those cases, the reviewing court found that the defendant did not waive his constitutional right to a jury trial, and ordered a new trial. *Livingston,* 159 Wis. 2d at 573; *Cleveland,* 50 Wis. 2d at 670; *Moore,* 97 Wis. 2d at 671. In *Livingston* and *Cleveland,* the defendants themselves made no statement—written or oral—waiving the right to a jury trial. *Livingston,* 159 Wis. 2d at 565; *Cleveland,* 50 Wis. 2d at 669. In *Moore,* the circuit court engaged the defendant in a short colloquy, informing the defendant of his right to a jury trial, but the court never asked the defendant if he wanted a jury trial or wished to waive it. 97 Wis. 2d at 670. Based on these cases, Anderson argues that the circuit court erred by failing to engage him in a colloquy to establish his willingness and intent to give up his right to a jury trial, before accepting the written waiver. *See Krueger v. State,* 84 Wis. 2d 272, 282, 267 N.W.2d 602 (1978).

¶ 21. The State contends that a personal colloquy is not a statutory or constitutional requirement. Wisconsin Stat. § 972.02(1) does not specifically require a colloquy, and there is nothing in the record to suggest Anderson's waiver was not knowing, intelligent, and voluntary. The State argues that Anderson's failure to protest the bench trial, after defense counsel informed the court of the jury trial waiver, should be construed as "knowing acquiescence." The State also argues that if the court retains any doubt about whether Anderson's waiver was knowing, intelligent and voluntary, the

proper remedy is a remand for an evidentiary hearing, rather than reversal of his conviction.

¶ 22. The State contends that *Livingston, Cleveland,* and *Moore* do not apply here because unlike the defendants in those cases, Anderson's signed waiver is a personal, affirmative step to waive his right to a jury trial. According to the State, this case is similar to *State v. Grant,* 230 Wis. 2d 90, 601 N.W.2d 8 (Ct. App. 1999), where the defendant took an affirmative step—a brief personal colloquy on the issue of waiver—and the proper remedy was an evidentiary hearing to determine whether the waiver was knowing, intelligent, and voluntary regarding the jury unanimity requirement. In *Grant,* the Court of Appeals relied on *State v. Klessig,* 211 Wis. 2d 194, 207, 564 N.W.2d 716 (1997), and adopted the familiar *State v. Bangert,* 131 Wis. 2d 246, 389 N.W.2d 12 (1986), procedure as the appropriate remedy when the circuit court fails to advise a defendant of the jury unanimity requirement. 230 Wis. 2d at 96, 100.

██

¶ 23. We conclude that without a personal colloquy, we are unable to determine that Anderson's jury trial waiver is knowing, intelligent, and voluntary.[9] The

---

[9] We disagree with the dissent's application of the "totality of facts and circumstances" test to determine the validity of Anderson's jury trial waiver. Dissent at ¶ 58. The dissent gets this test from *State v. Burns,* 226 Wis. 2d 762, 774, 594 N.W.2d 799 (1999), where this court stated, "that the only inference possible from the totality of the facts and circumstances of this case is that this defendant intended to plead no contest." We decline to engage in a similar analysis because, unlike here, in *Burns* the circuit court engaged the defendant in a lengthy personal colloquy, *see id.* at 767, *and* the defendant signed a plea questionnaire and waiver of rights form. *Id.* at 766–767. In

right to a jury trial is a fundamental right. *State v. Villarreal,* 153 Wis. 2d 323, 326, 450 N.W.2d 519 (Ct. App. 1989). As noted previously, this court has held that "[t]he right to a trial by jury is one of the rights that is 'so fundamental to the concept of fair and impartial decision making, that their relinquishment must meet the standard set forth in *Johnson v. Zerbst,* 304 U.S. 458 (1938).' " *Resio,* 148 Wis. 2d at 694. The waiver of a jury trial therefore must be an intentional relinquishment or abandonment of a known right or privilege. *Id.* While Wis. Stat. § 972.02(1) establishes the procedure for waiving the right to a jury trial, the statutory requirements are not sufficient to determine whether a defendant's waiver is knowing, intelligent, and voluntary. Therefore, based on our recognition that a jury trial involves a fundamental right, we mandate the use of a personal colloquy in every case where a criminal defendant seeks to waive his or her right to a jury trial.[10] A colloquy is the clearest means of determining that the defendant is knowingly, intelligently, and voluntarily waiving his right to a jury trial, and a colloquy documents the valid waiver for postconviction motions and appellate proceedings. As we stated in *Klessig,* 211 Wis. 2d at 206, "a properly conducted colloquy serves

---

contrast, while Anderson signed a jury trial waiver form, the circuit court did not engage Anderson in any personal colloquy regarding his decision to waive his right to a jury trial. Based on the facts presented here, we therefore, disagree with the dissent's "totality of facts and circumstances" analysis.

[10] We disagree with the dissent's conclusion that our decision to mandate a colloquy conflicts with Wis. Stat. § 972.02(1), and makes compliance with the statute irrelevant. Dissent at ¶¶ 42, 50. Rather, a colloquy enhances the statutory requirements because we conclude that a colloquy is the best procedure to determine that a defendant is knowingly, intelligently and voluntarily relinquishing a fundamental right.

the dual purposes of ensuring that a defendant is not deprived of his constitutional rights and of efficiently guarding our scarce judicial resources."

¶ 24. To prove a valid jury trial waiver, the circuit court must conduct a colloquy designed to ensure that the defendant: (1) made a deliberate choice, absent threats or promises, to proceed without a jury trial; (2) was aware of the nature of a jury trial, such that it consists of a panel of 12 people that must agree on all elements of the crime charged; (3) was aware of the nature of a court trial, such that the judge will make a decision on whether or not he or she is guilty of the crime charged; and (4) had enough time to discuss this decision with his or her attorney. *See Wisconsin Judicial Benchbook,* vol. 1, CR 22–3 through 22–6 (2d ed. 2001). As with other constitutional rights, "If the circuit court fails to conduct a colloquy, a reviewing court may not find, based on the record, that there was a valid waiver . . . ." *Klessig,* 211 Wis. 2d at 206 (involving waiver of right to counsel).

¶ 25. We now turn to the facts before us, and what is the proper remedy when the circuit court fails to conduct an adequate colloquy. We hold that the circuit court must hold an evidentiary hearing on whether the waiver of the right to a jury trial was knowing, intelligent, and voluntary. The per se rule of requiring a new trial, based on *Livingston,* does not apply here because Anderson's written waiver was a personal affirmative step to waive his right to a jury trial. The evidentiary hearing procedure we adopt is already followed to determine whether a defendant's plea was knowing, intelligent and voluntary; *see Bangert,* 131 Wis. 2d at 274, and to determine whether a defendant knowingly,

intelligently, and voluntarily waived his right to counsel; *see Klessig,* 211 Wis. 2d at 207. Accordingly, as the circuit court did not conduct a personal colloquy in this case, it must now hold an evidentiary hearing to determine whether Anderson knowingly, intelligently, and voluntarily waived his right to a jury trial.

¶ 26. The evidentiary hearing procedure we adopt today stems from the procedure for resolving guilty plea waivers and has been extended to resolution of waivers of the right to counsel. *Klessig,* 211 Wis. 2d at 207. The same approach is appropriate here. "Nonwaiver is presumed unless waiver is affirmatively shown to be knowing, intelligent and voluntary." *Id.* at 204. The State has the burden of overcoming the presumption of nonwaiver, and is required to prove by clear and convincing evidence that Anderson's jury trial waiver was knowing, intelligent, and voluntary.[11] *See id.* at 207. If the State is able to satisfy its burden, the conviction will stand. If

---

[11] We adopt the clear and convincing burden of proof from our decision in *State v. Klessig,* 211 Wis. 2d 194, 207, 564 N.W.2d 716 (1997), involving waiver of the right to counsel. We held that the State is required to prove, by clear and convincing evidence, that the defendant's waiver of counsel was knowing, intelligent and voluntary. *Klessig,* 211 Wis. 2d at 207; *see also State v. Bangert,* 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986) (requiring State to show clear and convincing evidence that defendant's plea was knowing, intelligent and voluntary). We further held that the clear and convincing evidence standard would satisfy the State's burden of overcoming the presumption of non-waiver. *Klessig,* 211 Wis. 2d at 207. While we recognize that this burden of proof is sometimes stated as clear, satisfactory and convincing evidence, we state the burden of proof as applied in *Klessig* and *Bangert,* clear and convincing evidence. *See* Wis JI—Criminal 140A (burden of proof in forfeiture actions); *see also City of Milwaukee v. Wilson,* 96 Wis. 2d 11, 22, 291 N.W.2d 452 (1980). For these reasons, we adopt the clear

the State is unable to establish by clear and convincing evidence that the defendant knowingly, intelligently, and voluntarily waived his right to a jury trial, the defendant is entitled to a new trial.

¶ 27. The State makes one final argument with regard to an evidentiary hearing. The State contends that even if we find that an evidentiary hearing is the proper remedy, Anderson is not entitled to a hearing, because he has failed to allege that he did not know or understand the right he was waiving when he executed the written jury trial waiver. *See State v. Giebel,* 198 Wis. 2d 207, 217, 541 N.W.2d 815 (Ct. App. 1995). However, the facts of this case demonstrate that Anderson was having difficulty communicating with his attorneys, and that prior to accepting the jury trial waiver the court admonished Anderson stating, "All I need from you is for you to do what I tell you to do when I tell you to do it." Under such circumstances, we find it appropriate to remand this case to determine whether Anderson's jury trial waiver was knowing, intelligent, and voluntary.

### III

¶ 28. In sum, we conclude that while the court's acceptance of Anderson's jury trial waiver did not violate Wis. Stat. § 972.02(1) on its face, Anderson's written waiver is insufficient to establish that he knowingly, intelligently, and voluntarily waived his right to a jury trial. We reject Anderson's argument that his jury trial waiver is invalid because the record lacks the required approval of the court and consent by the State.

---

and convincing standard of proof for establishing that a defendant's jury trial waiver was knowing, intelligent and voluntary.

The court approved Anderson's jury trial waiver by accepting the waiver on the record, scheduling a bench trial, and subsequently conducting a bench trial in this case. The State also consented to Anderson's jury trial waiver by participating in a bench trial without voicing any objection. Because Anderson requested a bench trial, and subsequently received a bench trial, we hold that he cannot rely on the State's silence to invalidate his jury trial waiver.

¶ 29. Although Anderson submitted a written jury trial waiver form, we find that the circuit court erred by failing to engage Anderson in a personal colloquy regarding the jury trial waiver. Recognizing that a jury trial involves a fundamental right, we mandate the use of a personal colloquy in every case where a criminal defendant seeks to waive his or her right to a jury trial. We explicitly rely on *Klessig,* where we faced circumstances similar to those presented here, and we mandated the use of a colloquy in every case where a defendant seeks to waive his or her right to counsel.[12] A colloquy is the clearest means of determin-

---

[12] The dissent contends that we are simply mandating a new rule without explaining our source of authority. Dissent at ¶ 46. The dissent, however, ignores our reliance on *State v. Klessig,* 211 Wis. 2d 194, 206, 564 N.W.2d 716 (1997), where this court similarly mandated the use of a colloquy in every case where a defendant seeks to waive his or her right to counsel. As stated above, we explicitly rely on *Klessig* for our authority to mandate a colloquy where a criminal defendant seeks to waive his or her right to a jury trial. Although not explicit in *Klessig,* the court seemed to rely on our superintending authority in Article VII, Section 3 of the Wisconsin Constitution to mandate a colloquy in that case. Our superintending authority "enables the court to control the course of ordinary litigation in the lower courts" and "is as broad and as flexible as necessary to insure the due administration of justice." *Arneson v. Jezwinski,* 206 Wis. 2d

ing that the defendant is knowingly, intelligently, and voluntarily waiving his right to a jury trial, and a colloquy documents the valid waiver for postconviction motions and appellate proceedings. Because the circuit court did not engage Anderson in a personal colloquy, we remand this case to the circuit court for an evidentiary hearing to determine whether Anderson knowingly, intelligently and voluntarily waived his right to a jury trial.

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court.

¶ 30. DAVID T. PROSSER, J. (*dissenting*). Tyran Anderson asked the court to review this case to resolve a conflict between the court of appeals decision in *State v. Hoffman,* (No. 98–3101–CR, January 18, 2000) and the single-judge court of appeals decision here, both unpublished.

¶ 31. In *Hoffman,* the defendant signed a written waiver of trial by jury and the case proceeded to a bench trial. There was no colloquy with the defendant on the record before trial and no explicit expression of approval by the court or consent by the state. The court of appeals determined that the absence of an oral colloquy to determine whether the defendant was making a voluntary and knowing choice to give up his right to a jury trial made his waiver "constitutionally infirm." Moreover, the court ruled that the failure of the circuit

217, 226, 556 N.W.2d 721 (1996) (quoted source omitted). As demonstrated by our holding in *Klessig,* our superintending authority is broad enough to require a colloquy where a defendant seeks to waive a fundamental right. Accordingly, we rely on *Klessig* for our authority to mandate a colloquy where a defendant seeks to waive his or her right to a jury trial.

607

court and district attorney to take affirmative action to approve or consent to the defendant's waiver violated Wis. Stat. § 972.02(1), citing *Spiller v. State,* 49 Wis. 2d 372, 182 N.W.2d 242 (1971). The remedy for these deficiencies, the court said, was a new trial, not a remand for a hearing, pursuant to *Krueger v. State,* 84 Wis. 2d 272, 282, 267 N.W.2d 602 (1978); *State v. Livingston,* 159 Wis. 2d 561, 573, 464 N.W.2d 839 (1991); and *State v. Moore,* 97 Wis. 2d 669, 671, 294 N.W.2d 551 (Ct. App. 1980).

¶ 32. In *State v. Anderson,* No. 00–1563–CR, unpublished slip op. (Wis. Ct. App. Dec. 5, 2000), Judge Ted Wedemeyer came to contrary conclusions on these issues, creating an intradistrict conflict for this court to resolve.

¶ 33. The majority opinion appears to strike a middle ground between the two decisions. Yet, in doing so, it opens the door to a substantial body of new and troublesome law. Because I agree with Judge Wedemeyer's reasoning and conclusions and disagree with the majority's decision to reverse his decision, I respectfully dissent.

I

¶ 34. The Wisconsin Constitution provides for waiver of jury trial in Article I, Section 5: "The right of trial by jury shall remain inviolate, and shall extend to all cases at law . . . *but a jury trial may be waived by the parties in all cases in the manner prescribed by law"* (emphasis added).

¶ 35. The legislature prescribed the manner of waiving a jury trial in Wis. Stat. § 972.02(1). The statute reads:

Except as otherwise provided in this chapter, criminal cases shall be tried by a jury selected as prescribed in s.

805.08, *unless the defendant waives a jury in writing or by statement in open court . . . on the record,* with the approval of the court and the consent of the state (emphasis added).

¶ 36. Section 972.02(1) dates back to 1970. § 63, ch. 255, Laws of 1969 (effective July 1, 1970). This section, in turn, was preceded by several earlier statutes, Wis. Stat. § 957.01 (1959), § 357.01 (1925), and § 4687 (1911), which contained similar language authorizing jury waivers in writing. Consequently, Wisconsin statutory law has approved jury waivers in writing for close to a century.

¶ 37. Any question whether Wis. Stat. § 972.02(1) is linked to Article I, Section 5 was settled in *Dascenzo v. State,* 26 Wis. 2d 225, 132 N.W.2d 231 (1965). In a previous case, *Jennings v. State,* 134 Wis. 307, 114 N.W. 492 (1908), this court held that an accused could *not* waive the right to trial by jury in the absence of legislation providing for waiver. The court said: "If it is deemed good public policy to extend the privilege of waiving a jury in criminal cases, such policy should find expression in appropriate legislative action." *Jennings,* 134 Wis. at 310. Thereafter, the legislature passed a statute—identified in *Dascenzo* as Wis. Stat. § 957.01(2), the immediate predecessor to Wis. Stat. § 972.02(1)—that prescribed the manner of waiving a jury trial.

¶ 38. This court later interpreted the jury trial waiver statute to permit a defendant's attorney to waive a jury trial on behalf of a defendant, on the theory that the presence and silent acquiescence of the defendant demonstrated the attorney's authority and made the attorney's statement the defendant's own. *Dascenzo,* 26 Wis. 2d at 230; *State ex rel. Derber v. Skaff,* 22 Wis. 2d

609

269, 274, 125 N.W.2d 561 (1964). But in 1978, the court overruled *Derber* and *Dascenzo*. In *Krueger*, the court said:

> [W]e now overrule *State ex rel. Derber v. Skaff* and *Dascenzo v. State* insofar as they permit a trial court . . . to presume from a defendant's silence that a waiver of the jury trial made by counsel is an expression of the defendant's knowing and voluntary intent. Even if it is reasonable to assume that most defense attorneys will inform a client of the right and its meaning to the defendant, it seems wholly unreasonable to expect a defendant who does not understand these matters to contradict a waiver made by his attorney. We hold that the record must support, without the aid of these presumptions, the conclusion that the defendant in fact made a knowledgeable and voluntary choice.
>
> . . . .
>
> [W]e further hold that henceforth a record demonstrating the defendant's willingness and intent to give up the right to be tried by a jury must be established before the waiver is accepted. We do not at this time adopt a formal procedure to be followed in making such a record.

*Krueger,* 84 Wis. 2d at 281–82 (citations omitted).

¶ 39. The court clarified the law in *State v. Livingston*. The *Krueger* decision had made no reference to Wis. Stat. § 972.02(1). *Livingston,* 159 Wis. 2d at 568. However, the *Livingston* court explained that the court's "reasoning underlying *Krueger* and the legislature's reasoning in enacting sec. 972.02(1), Stats., are coextensive in relevant part. That is, what was said in *Krueger* with regard to waiver of trial by jury is directly applicable to sec. 972.02(1)." *Id.*

¶ 40. The court then quoted with approval a passage from *State v. Moore,* 97 Wis. 2d at 671–72: "Our

610

supreme court and our legislature . . . have taken a strict *per se* position; that is, waiver must be in writing or by oral statement in open court. We must abide by that rule." *Livingston,* 159 Wis. 2d at 569.

¶ 41. Summing up, the *Livingston* court said that any waiver of the defendant's right to trial by jury must be made by an affirmative act of the defendant:

> ˙The defendant must act personally . . . The affirmative act by the defendant, in order to constitute a personal waiver, must be such as to comply with at least one of the specific means of effecting a waiver provided in sec. 972.02(1). . . . If the defendant waives the jury "in writing" under the statute when accepting the written waiver, *the judge still should question the defendant as to the voluntariness and understanding of his action.*

*Id.* at 569–70 (emphasis added).

¶ 42. The *Livingston* court described the best practice to follow in addition to compliance with the statute. Now the majority goes beyond the articulation and urging of the best practice to mandate a new rule that conflicts with the statute.

## II

¶ 43. Conceivably, this court could have held that the United States Constitution or the Wisconsin Constitution requires a colloquy between a defendant and the court before the defendant may waive the right to jury trial. However, such a conclusion would not have been well founded and would have been embarrassingly inconsistent with many previous court pronouncements. Thus, the court did not pursue that path.

¶ 44. Alternatively, the court could have reasoned that the statute was sufficiently ambiguous that adding new requirements for an effective waiver would not

conflict with the statutory text. But that position would not have been tenable because the statutory language is clear.

¶ 45. Finally, the court could have tried to rely upon its superintending authority contained in Article VII, Section 3(1) of the Wisconsin Constitution. But this court's superintending authority over all courts is case specific, contemplating the use of supervisory writs and individual relief. It does not empower this court to rewrite statutes in individual cases to effect some judicial objective.[1] The supreme court may modify or suspend a statute relating to pleading, practice, and procedure when the court promulgates a rule pursuant to Wis. Stat. § 751.12.[2] But that procedure is entirely

---

[1] Article VII, Section 3(1) of the Wisconsin Constitution states that "[t]he supreme court shall have superintending and administrative authority over all courts." This language is based in large part upon the same section of the 1848 constitution: "The supreme court shall have a general superintending control over all inferior courts; it shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, and other original and remedial writs, and to hear and determine the same." Wis. Const. art. VII, § 3 (1849). *See* Revised Statutes of Wisconsin (1849) at 28–29.

Neither the old constitutional language nor the new constitutional language empowers this court, as part of its superintending authority, to rewrite statutes in individual decisions. The superintending authority over all courts embodies authority "to control the course of ordinary litigation" in inferior courts, *State ex rel. Fourth Nat'l Bank of Philadelphia v. Johnson,* 103 Wis. 591, 613, 79 N.W. 1081 (1899); it does not authorize the court to erase a valid exercise of legislative power in an opinion.

[2] Wisconsin Stat. § 751.12, Rules of pleading and practice, provides in relevant part:

different from supplementing statutes with judicial mandates whenever the court thinks it can do a better job than the legislature.

¶ 46. Hence, the majority simply mandates a new rule without explaining its source of authority:

> The right to a jury trial is a fundamental right. . . . As noted previously, this court has held that "[t]he right to a trial by jury is one of the rights that is 'so fundamental to the concept of fair and impartial decision making, that their relinquishment must meet the standard set forth in *Johnson v. Zerbst,* 304 U.S. 458 (1938).' " [*State v.*] *Resio,* [148 Wis. 2d 687, 694, 436 N.W.2d 603 (1989)]. The waiver of a jury trial therefore must be an intentional relinquishment or abandonment of a known right or privilege. *Id.* While Wis. Stat. § 972.02(1) establishes the procedure for waiving the right to a jury trial, the statutory requirements are not sufficient to determine whether a defendant's waiver is knowing, intelligent, and voluntary. Therefore, based on our recognition that a jury trial involves a fundamental right, we mandate the use of a personal colloquy in every case where a criminal defendant seeks to waive his or her right to a jury trial.

Majority op. at ¶ 23.

---

The state supreme court shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. The rules shall not abridge, enlarge or modify the substantive rights of any litigant. . . . *All statutes relating to pleading, practice and procedure may be modified or suspended by rules promulgated under this section.* No rule modifying or suspending such statutes may be adopted until the court has held a public hearing with reference to the rule.

Wis. Stat. § 751.12 (emphasis added).

¶ 47. In this passage, the majority seeks to draw a sharp distinction between the procedure for making a waiver (waiver "in writing" or waiver "by statement in open court") and a requirement that the waiver be knowing, intelligent, and voluntary. In the process, it disregards Article I, Section 5, and it renders Wis. Stat. § 972.02(1) meaningless.

¶ 48. In this new regimen, there is no presumption that a written waiver or a waiver by statement in open court by the defendant is adequate. Standing alone, neither is deemed adequate. In fact, a waiver "in writing" *and* a waiver by "statement in open court" together are inadequate because, according to the majority, "we mandate the use of a personal colloquy in every case." Majority op. at ¶ 23.

¶ 49. This holding elevates ritual over common sense. It places past convictions in jeopardy, and it creates landmines for future cases.

¶ 50. First, as noted, the decision makes Wis. Stat. § 972.02(1) irrelevant because compliance with the statute means absolutely nothing. This is contrary to our decision in *Livingston* and other cases.

¶ 51. Second, the decision appears to change the law with respect to knowing and voluntary waiver of a jury trial. In *State v. Resio,* 148 Wis. 2d 687, 691, 436 N.W.2d 603 (1989), the court reviewed a case in which there was a colloquy with the defendant in connection with his waiver of a jury trial, but the defendant was not made aware of the requirement that a verdict in a jury trial must be unanimous. The court affirmed the waiver, saying:

> We agree with the Seventh Circuit in *United States ex rel. Williams v. DeRobertis,* 715 F.2d 1174, 1180 (7th Cir. 1983), *cert. denied,* 464 U.S. 1072 (1984), that a

614

defendant's waiver of the right to a trial by jury is valid when he or she understands the basic "purpose and function" of a jury trial. . . .

. . . .

. . . [T]he key feature of the right to a jury trial is that the defendant's case is tried before a group of twelve fellow citizens in the community rather than by a single state judicial official. *When a defendant waives the right to a jury trial understanding that his or her guilt or innocence will be determined by a single judge rather than by a group of twelve lay persons, that waiver is valid and effective.*

*Id.* at 695–96 (emphasis added). The emphasized language in *Resio* cannot be viewed as a correct statement of law after today's decision.

¶ 52. Third, the majority's new rule is at odds with recent precedent. For example, in *State v. Hansford,* 219 Wis. 2d 226, 230, 580 N.W.2d 171 (1998), the court held that Article I, Section 7 of the Wisconsin Constitution guarantees the right to a jury of 12 persons in all criminal cases, striking down a state statute that mandated six-person juries in misdemeanor cases. The court reversed Hansford's conviction for obstructing an officer because he had timely filed a motion for a 12–person jury. But then in *State v. Huebner,* 2000 WI 59, ¶ 26, 235 Wis. 2d 486, 611 N.W.2d 727, the court held that a defendant *waived* his right to a 12–person jury because both the defendant and his counsel failed to request a 12–person jury or to object to a six-person jury. They took no affirmative action; their silence constituted waiver. Was the *Huebner* decision incorrect?

¶ 53. In another case, *State v. Burns,* 226 Wis. 2d 762, 594 N.W.2d 799 (1999), this court considered the question whether Wis. Stat. § 972.13(1) requires that a

615

defendant expressly and personally articulate a plea of guilty or no contest on the record in open court in order for a judgment of conviction to be entered on the plea. The record in *Burns* was clear that the defendant was never directly asked the question: "How do you plead?" and that he never stated his plea to the charged offense on the record. *Id.* Nonetheless, the court affirmed his conviction because it concluded that the only inference possible from the *totality* of the facts and circumstances in the record was that the defendant intended to plead no contest. *Id.* at 764.

¶ 54. The court spoke of its concerns about pleas:

> [T]his court has deep and continuing concerns about affirming a conviction based on a plea of guilty or no contest when the defendant has not expressly and personally articulated the plea on the record in open court. Pleading guilty or no contest is a serious event, a "serious and sobering occasion." By entering such pleas, defendants relieve the state of the heavy burden of proving their guilt beyond a reasonable doubt. They also give up important constitutional rights [such as trial by jury] . . . A defendant expressly and personally pleading guilty or no contest on the record in open court is the best way for a circuit court to assure itself that the defendant has personally made the decision to so plead.

*Id.* at 764–65. Nonetheless, the *Burns* court did not rely on ritualistic words. It looked to the *totality* of the facts and circumstances to determine the defendant's intent to plead.[3]

¶ 55. In *Burns,* the court spoke of the best practice for the circuit court in taking a plea:

[3] As here, the defendant in *Burns* had a competent attorney at his side during the relevant proceedings. That is one of the facts and circumstances that ought to be considered.

> Recognizing the circuit courts' responsibility to do justice and to manage caseloads efficiently, this court urges circuit courts to follow the usual and strongly preferred practice of asking defendants directly and personally in open court and on the record how they plead to the charged offenses and of entering the pleas on the record.

*Id.* at 765. The court offered a similar admonition on jury waivers in *Livingston,* 159 Wis. 2d at 570, as previously discussed in this dissent.

¶ 56. There are sound policy reasons for plea colloquies and jury waiver colloquies on the record in open court. This court is authorized to utilize the rule-making procedures in Wis. Stat. § 751.12 to *require* these colloquies as a matter of statutory law. That is very different, however, from overriding the terms of a statute *in judicial opinions* whenever the court is moved to do so.

¶ 57. In my view, this court ought to follow Wis. Stat. § 972.02(1) by giving a presumption of validity to a jury waiver "in writing" or a jury waiver "by statement in open court." I agree with the proposition that a colloquy to determine whether the waiver is knowing, intelligent, and voluntary is desirable and should be encouraged. But a defendant who waives the right to trial by jury "in writing" or "by statement in open court" while benefiting from the assistance of counsel—and then has a bench trial—should be required to make a prima facie showing that his or her waiver was not knowing, intelligent, and voluntary before he or she is entitled to a hearing. The defendant should not be given an automatic new trial, as was afforded in *Hoffman.*

¶ 58. The totality of facts and circumstances in this case leaves no doubt that Tyran Anderson's waiver of a jury trial was knowing, intelligent, and voluntary. Hence, no additional hearing is required. The circuit court's findings should be affirmed.

¶ 59. Anderson was charged with disorderly conduct on December 9, 1998, for an incident that occurred the previous November 18. The charge was later amended to battery. From Anderson's initial appearance on December 9, 1998, to November 10, 1999, when Anderson's case was tried to the court, Anderson appeared in court at least 11 times. He was always represented by counsel.

¶ 60. The record reveals that the presiding judicial officers mentioned jury trial repeatedly during these appearances. On January 26, 1999, Anderson's attorney requested a jury trial date. The court scheduled jury trials for March 25, 1999, then June 23, 1999, then September 16, 1999, but all had to be rescheduled for various reasons, with discussion and explanation in the presence of the defendant.

¶ 61. On October 13, 1999, Circuit Judge Mary Kuhnmuench scheduled a jury trial for November 10, 1999. The court engaged in an extensive colloquy with the defendant. The following passages are part of that colloquy:

> THE DEFENDANT: I am sorry the Court has to deal with something like this, even though it is fictitious. . . . I intend going to trial with it. Even if the case was reissued as a battery, I still intend on going on with the case to prove my innocence. . . . I haven't gathered everything I need yet. The conflicting statements that [the complainant] made in my revocation hearing,

conflicting statements that she made on the police report, on the victim/witness report, and things like that.

I intend on pursuing this case to the full extent, battery, disorderly or whatever. . . .

. . . .

THE COURT: All right. We will give you a jury trial date, and Mr. Connors remains as your attorney of record and will represent you in this matter at jury. . . .

. . . [Y]ou are to have absolutely no contact with [the complainant] . . . until this case is resolved through either a jury trial or with a guilty or not guilty verdict.

. . . .

. . . If you violate that, don't come back to me and say, "I didn't understand what you meant, Judge." You seem to be an articulate and intelligent man. You understand fully what I am saying to you here. . . .

THE DEFENDANT: No contact will be made.

THE COURT: All right. Very good. We will give you a jury trial date.

¶ 62. On the date set for jury trial, all parties appeared before Judge Kuhnmuench. Attorney Scott Connors had been given additional time to confer with the defendant before the pre-trial hearing. Attorney Connors said he expected to call the defendant in his own defense, necessitating a discussion of the defendant's criminal record in relation to anticipated impeachment before the jury. Anderson had two convictions for robbery, two convictions for burglary, a conviction for receiving stolen property, and a felony conviction for intimidation of a witness. There was no dispute about the

619

number of convictions, which Connors said he had discussed with the defendant. Counsel also discussed jury instructions.

¶ 63. Then, in the presence of the defendant, the following exchange occurred:

> ATTORNEY CONNORS: One quick matter. There is— *I've discussed the possibility with Mr. Anderson of having a bench trial instead of a jury trial,* and it's my understanding there's a very good possibility at 1:00 that we could have a bench trial. Would that be a problem?
>
> THE COURT: Not at all, but I'm bringing the jury up anyway, and I'm going to require you to have a waiver of the jury trial form in the file (emphasis added).

¶ 64. After a recess, court reconvened. The defendant had submitted a signed form that read as follows:

> And now comes the above named defendant, and in his own proper person hereby expressly waives trial by a jury and consents to immediate trial before the court without a jury.
>
> I will be giving up my right to have my case decided by 12 people sitting as a jury; I understand that all 12 of those people would have to agree in order to reach a verdict.

¶ 65. In the presence of Tyran Anderson and his attorney, the court then stated:

> The Court is in receipt of a waiver of trial by jury that is signed and dated today's date. The court will receive it and enter it in the trial as a knowing and voluntary waiver of his right to a jury trial. We will proceed with a bench trial at 1:30 this afternoon. *Are there any questions of the court?* (Emphasis added.)

620

¶ 66. There were no questions or protestations. After a lunch break, the case went to trial before the court.

¶ 67. The defendant now argues to this court that although he complied with the requirements of the jury waiver statute, his actions did not satisfy the minimum requirements of other law. The majority responds that it cannot tell on this record whether Anderson's waiver was knowing, intelligent, and voluntary. Ironically, it makes this statement at the same time it concludes that by silently going forward, the state clearly demonstrated its consent to waive a jury trial.

¶ 68. I disagree with the majority's conclusion. Tyran Anderson was an experienced participant in the criminal justice system with six criminal convictions and a revocation of probation. After his eleventh court appearance in this case, with counsel at his side through every step of the proceedings, Anderson signed an explicit jury waiver form that had been developed for use in the courts of Milwaukee County in compliance with Wis. Stat. § 972.02(1) and case law. His counsel represented on the record to the court that he and the defendant had discussed the possibility of waiving a jury trial. Anderson never disputed that assertion. On the contrary, he affirmed his attorney's statement by signing the form. Thereafter, in the defendant's presence, the circuit court found the waiver knowing and voluntary. The defendant was asked if he had questions and he had none. One likely motive for the defendant's jury waiver was his intent to testify, recognizing that six criminal convictions would tend to undercut the credibility of his testimony before a jury.

¶ 69. The record in this case contains overwhelming evidence that Tyran Anderson made a knowing, intelligent, and voluntary waiver of his right to a jury

trial. *See Resio,* 148 Wis. 2d at 695–96. Because the majority reaches a different conclusion and because the majority initiates other actions that I cannot support, I respectfully dissent.