STATE of Wisconsin,
Plaintiff-Respondent,

v.

Tom L. GARCIA,
Defendant-Appellant.

Court of Appeals

*No. 2009AP516–CR. Submitted on briefs November 13, 2009.
—Decided January 13, 2010.*

2010 WI App 26

(Also reported in 779 N.W.2d 718.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Paul M. Ruby* of *The Law Office of Paul Ruby, LLC*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christine A. Remington*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Snyder, J.

¶ 1. SNYDER, J. Tom L. Garcia appeals from judgments convicting him of substantial battery and criminal trespass. He further appeals from an order denying his postconviction motion for a new trial. Garcia contends that the circuit court erred first by failing to conduct the colloquy mandated by *State v. Weed*, 2003 WI 85, 263 Wis. 2d 434, 666 N.W.2d 485, and second by remedying the oversight by holding an evidentiary hearing instead of granting him a new trial. We agree that the circuit court's failure to engage in the mandatory colloquy was error, but we reject Garcia's position that a new trial is required. The circuit court properly addressed its error by holding an evidentiary hearing to determine whether Garcia knowingly, voluntarily and intelligently waived his right to testify. We affirm the judgments and the order of the circuit court.

## BACKGROUND

¶ 2. On December 12, 2006, the State charged Garcia with battery, substantial battery, criminal trespass, criminal damage to property, and obstructing an officer. A two-day jury trial took place January 29 and 30, 2008. Following the State's case-in-chief, the defense called two expert witnesses to testify regarding DNA analysis. At the close of the second expert's testimony, the court dismissed the witness and the following courtroom exchange took place:

[DEFENSE]: I need a short recess to talk to my client now.

THE COURT: All right. We'll take five.

[DEFENSE]: Thank you.

(Recess had, 2:01 p.m.).

533

(Reconvened, 2:07 p.m.).

(Outside the presence of the Jury).

[DEFENSE]: Your Honor, after discussing with my client, we've decided to rest.

THE COURT: Are you going to have rebuttal?

[PROSECUTOR]: No. I don't think so, but I would need a little bit of time to prepare for closing.

THE COURT: All right. I have the verdict forms and the proposed set of instructions.

The court did not engage in a colloquy with Garcia to determine whether the decision to rest his case, rather than testify, was knowingly, voluntarily and intelligently made. The jury found Garcia guilty of substantial battery and criminal trespass.[1]

¶ 3. Garcia filed a postconviction motion seeking a new trial. He asserted that the circuit court had failed to conduct the required colloquy to determine whether he had freely, voluntarily and intelligently waived his right to testify. The court held a hearing on the motion on February 6, 2009. After hearing testimony from Garcia and both of his trial attorneys, the court stated, "[I]t is clear that *Weed* does mandate that a colloquy should occur between the Court and the defendant, and that clearly we can all agree did not happen in this case." The court went on to observe that the purpose in *Weed* was to be sure the defendant knew of the right to testify and had made a decision after consultation with counsel. The court concluded, "[Garcia] was informed and made a voluntary and intelligent decision knowing

---

[1] The jury acquitted Garcia of the misdemeanor battery and criminal damage to property charges. The State withdrew the obstructing an officer charge earlier in the trial.

the pros and cons going into it and that it was in fact his decision after discussing it on two occasions with two different attorneys . . . ." The court then denied Garcia's motion for a new trial. Garcia appeals.

## DISCUSSION

■

¶ 4.  The question on appeal is not whether the circuit court complied with the mandate in *Weed* to conduct an on-the-record colloquy when Garcia rested his defense without testifying. It did not, and it acknowledged this at the postconviction hearing. Instead, the question is what remedy is available to the defendant. Garcia asserts that he is entitled to a new trial. The State counters that an evidentiary hearing to determine whether he knowingly, voluntarily and intelligently waived the right to testify is the proper procedural response. We agree with the State.

■

¶ 5.  A defendant's right to testify at trial is a fundamental right. *Id.*, ¶ 39. Whether a defendant knowingly, voluntarily and intelligently waived this right is a question of constitutional fact. *Id.*, ¶ 13. We review a question of constitutional fact using a two-step process. First, we uphold a circuit court's findings of historical fact unless they are clearly erroneous. *Id.* Second, we review application of constitutional standards to the historical facts de novo. *Id.*

¶ 6.  The circuit court made three primary findings of historical fact. First, it found that Garcia had originally planned to testify, but later changed his mind. It also found that Garcia decided not to testify after consulting with his attorneys. Finally, it found that Garcia's attorneys had "discussed with [Garcia] his

rights and whether or not he would actually testify at trial," and that Garcia "had thought about it, had all of the factors, pros and cons discussed with him." All of these findings are supported by testimony presented at the postconviction motion hearing and are not clearly erroneous.

¶ 7.   The next question is whether the evidence introduced at the postconviction hearing, specifically evidence that the *Weed* colloquy did not occur, automatically entitles Garcia to a new trial. When our supreme court articulated its mandate for an on-the-record colloquy, it did not include the appropriate remedy for a failure to conduct such a colloquy. *See id.*, ¶ 47 ("[W]e decline to determine whether a post-conviction hearing would always be sufficient to ensure that a criminal defendant has waived his or her right to testify."). The *Weed* court did not adopt a remedy because the parties had not briefed the issue. *See id.* Here, the parties have focused precisely on the remedy and have extensively briefed the issue. It is ripe for review.

¶ 8.   Garcia contends that a circuit court's failure to conduct the mandatory on-the-record colloquy "should warrant a new trial in all cases." He argues that the right to testify is too important to be subjected to an evidentiary analysis after the opportunity to testify has passed. He asserts that a required colloquy "that can easily be overridden by holding a post-conviction motion hearing is not a requirement at all; without consequences for failure to hold the colloquy, the *Weed* mandate is hollow." While we agree with Garcia on the importance of the fundamental right to speak and participate in one's own trial, we disagree with his suggestion that a new trial is the only appropriate "consequence" available for noncompliance with *Weed*.

536

¶ 9. The State urges us to adopt an evidentiary hearing procedure akin to that used, but not adopted, in *Weed*. It emphasizes that an evidentiary hearing wherein the State must show by clear and convincing evidence that a defendant's waiver was knowing and voluntary is a mechanism often employed to protect a defendant's constitutional rights. The State offers, by way of analogy, the remedy that has been crafted to address a court's failure to engage in a colloquy with a defendant when the person waives the right to a jury trial, waives the right to counsel, or enters a guilty plea. Each of these events requires an on-the-record colloquy to ensure the protection of specific constitutional rights. *See State v. Klessig*, 211 Wis. 2d 194, 206, 564 N.W.2d 716 (1997) (right to counsel); *State v. Anderson*, 2002 WI 7, ¶ 23, 249 Wis. 2d 586, 638 N.W.2d 301 (right to trial by jury); *State v. Bangert*, 131 Wis. 2d 246, 270–72, 389 N.W.2d 12 (1986) (waiver of multiple constitutional rights by entry of guilty or no contest plea). When the circuit court neglects its duty to hold the appropriate colloquy, the State carries the burden to show that the defendant's waiver was knowing and voluntary and must do so by clear and convincing evidence. *Klessig*, 211 Wis. 2d at 207; *Anderson*, 249 Wis. 2d 586, ¶ 26; *Bangert*, 131 Wis. 2d at 274. If the State carries the burden, the conviction will stand; however, if it does not, the defendant is entitled to a new trial.[2]

---

[2] In *State v. Anderson*, 2002 WI 7, ¶ 26, 249 Wis. 2d 586, 638 N.W.2d 301, the court explained:

> The evidentiary hearing procedure we adopt today stems from the procedure for resolving guilty plea waivers and has been extended to resolution of waivers of the right to counsel. [*State v. Klessig*, 211 Wis. 2d 194, 207, 564 N.W.2d 716 (1997).] The same approach is appropriate here. "Nonwaiver is presumed unless waiver is affirmatively shown to be knowing, intelligent and

We agree that this procedure is appropriate when a defendant waives the right to testify at trial.

██

¶ 10.   The next question is whether the State demonstrated by clear and convincing evidence that Garcia knowingly, intelligently and voluntarily waived his right to testify. At the postconviction hearing, Garcia testified that from the inception of the case against him, he had planned to go to trial and to testify before a jury. He acknowledged that his two statements to police, in which he denied any involvement in the crimes, were admitted as evidence at trial. Garcia also conceded that his lead attorney told him "in the beginning" that he had a right to testify and that, during a lunchtime break in the trial at the end of the State's case, he and his attorneys met and there was "a lot of discussion" about whether he should testify.

¶ 11.   The next witness was Garcia's second-chair trial counsel, Attorney Bradley Bloch. He described the lunchtime conversation as one used to strategize about the witnesses that would be called for the defense. Bloch explained that they decided to present the expert DNA testimony first and Garcia "was not going to testify . . . but we would revisit the question." After the expert testimony, there was a break for another brief conference between Garcia and counsel and Garcia "announced his final decision" not to testify. They did not go over all of the risks and benefits of testifying or

voluntary." *Id.* at 204. The State has the burden of overcoming the presumption of nonwaiver, and is required to prove by clear and convincing evidence that Anderson's jury trial waiver was knowing, intelligent, and voluntary. *See id.* at 207. If the State is able to satisfy its burden, the conviction will stand. If the State is unable to establish by clear and convincing evidence that the defendant knowingly, intelligently, and voluntarily waived his right to a jury trial, the defendant is entitled to a new trial. (Footnote omitted.)

not testifying at the second meeting, because they "did that in the lunchtime session adequately, more than adequately," and the purpose of the second meeting was for Garcia to "make his call" about testifying after hearing all of the expert testimony.

¶ 12. Finally, Garcia's lead trial counsel, Attorney Eric Brittain, testified at the hearing. He explained that from the beginning of his representation of Garcia, they "thought that it was a good idea to have [Garcia] testify." But, there was always the understanding that if they did not think the State met its burden of proof, there may be reasons not to testify. Brittain explained that he went over the benefits of testifying, for example, he explained that Garcia would probably "come across well to a jury," and, by testifying, he would have the opportunity to "declare his innocence." On the other hand, Brittain explained that Garcia had an argumentative side that might emerge during his testimony, that he feared certain other acts evidence might come out, and that Garcia's criminal record would also be a reason not to testify. Brittain discussed these issues with Garcia "several times" during the trial and again during the meetings after the State rested its case. After extensive discussion about how to proceed, Brittain gave Garcia the choice whether to testify and Garcia stated that he would not testify.

¶ 13. In *Weed*, our supreme court stated that the colloquy between the court and the defendant who chooses not to testify should be straightforward and consist of two inquiries: (1) Is the defendant aware of his or her right to testify and (2) Has the defendant discussed this right with counsel. *See Weed*, 263 Wis. 2d 434, ¶¶ 41, 43. Having reviewed the trial transcript along with the postconviction evidentiary hearing transcript, we are convinced that Garcia's waiver of the

right to testify was knowing, intelligent and voluntary. Garcia was fully aware of his right to testify, he had ample opportunity to discuss with counsel the risks and benefits of testifying, and he made the decision not to testify. We therefore deny Garcia's request for a new trial.

## CONCLUSION

¶ 14. The supreme court in *Weed* mandated a simple colloquy for courts to employ when a defendant chooses not to testify at trial. *See id.*, ¶ 43. It proceeded to review testimony from a postconviction evidentiary hearing and concluded that Weed knowingly, intelligently and voluntarily waived his right to testify. *Id.*, ¶ 47. Although the supreme court refused to articulate a specific remedy when the right-to-testify colloquy is absent, its example is sufficient to convince us that the evidentiary hearing is the proper procedural response. Furthermore, this remedy is consistent with those offered to defendants who are not afforded the proper colloquy when other important constitutional rights are at stake. *See Anderson*, 249 Wis. 2d 586, ¶ 26. If the State demonstrates by clear and convincing evidence that the defendant knowingly, intelligently and voluntarily waived the right to testify, the issue is resolved. If the State fails to meet its burden, the defendant is entitled to a new trial.

*By the Court.*—Judgments and order affirmed.