## STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

## Euelio Rodriguez RESIO, Defendant-Appellant.

Supreme Court

*No. 87-1302-CR. Argued January 5, 1989.—Decided March 9, 1989.*

(Also reported in 436 N.W.2d 603.)

688

For the plaintiff-respondent-petitioner the cause was argued by *Daniel J. O'Brien,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendant-appellant there was a brief and oral argument by *Margaret A. Maroney,* assistant state public defender.

CALLOW, WILLIAM G., J.   This is a review of an unpublished decision of the court of appeals reversing a judgment and an order of the Washington County Circuit Court, Judge James B. Schwalbach, convicting Euelio Rodriguez Resio of burglary as a party to the

crime and denying Resio's post-conviction motion requesting a new trial.

We address two issues in this case.[1] First, did Euelio Rodriguez Resio (Resio) validly waive his constitutional right to a jury trial even though he was not aware of the requirement that a verdict in a jury trial must be unanimous? Second, was Resio denied the effective assistance of counsel because his trial counsel did not inform him of the unanimity requirement? We conclude that Resio validly waived his right to a jury trial because he adequately understood the purpose and function of a jury trial. We further conclude that trial counsel's performance was neither deficient nor prejudicial. Resio was not denied the effective assistance of counsel.

Resio was charged with burglary as a party to the crime, as set forth in secs. 939.05 and 943.10(1)(a), Stats., in connection with the burglary of a car dealership on September 6, 1983. At his arraignment on April 16, 1985, Resio waived his right to a jury trial. Prior to the arraignment, according to his counsel and the interpreter who was present, he had discussed the issue of waiver with his counsel for thirty to forty-five minutes. Counsel testified at the post-conviction motion about the substance of this discussion: "I know that we discussed that a jury is twelve people who sit in the box who make the decision, and that either a jury makes the factual determination or the judge does." The interpreter confirmed that this was the substance of the discussion.

---

[1]In his brief Resio raised a third issue, alleging that he was denied the effective assistance of counsel because his counsel failed to request a judicial recommendation against deportation (JRAD). At oral argument he withdrew this claim. We, therefore, do not address this issue.

During the course of this discussion, Resio's counsel recommended that Resio waive his right to a jury trial. He made this recommendation for two reasons. First; he feared that a jury might be biased against Resio because he was an alien. Second, he planned to defend Resio by contending that the prosecution could not meet its burden of proof beyond a reasonable doubt. He felt that this defense would be better presented to a judge.

At the arraignment itself, the following exchange took place between Resio and the court:

> THE COURT: Mr. Resio, your attorney has indicated that you wish to waive, give up your right to have this matter tried to a jury. You understand and is that accurate?
>
> INTERPRETER: Yes, sir.
>
> THE COURT: You understand that it means you would have the right to have twelve people sit in a box like that one over there and have them hear all the evidence and have them decide whether or not you committed this offense. Do you understand that?
>
> INTERPRETER: Yes.
>
> THE COURT: However, if you waive or give up that right you won't have twelve people try this case and you will be stuck with me and I'll try it. Do you understand that?
>
> INTERPRETER: Yes.
>
> THE COURT: Are you giving up that right to— giving up that right to a jury trial freely and voluntarily?
>
> INTERPRETER: Yes.

The circuit court found that Resio freely and voluntarily waived his right to a jury trial and scheduled a trial to the court.

In the trial to the court held on October 4, 1985, Resio was found guilty of being a party to the crime of burglary. He was sentenced to three years in prison.

On May 8, 1987, Resio brought a post-conviction motion in the Washington County Circuit Court, Judge James B. Schwalbach, requesting a new trial. First, he contended that his state constitutional right to a jury trial and his state and federal rights to due process were violated because his jury trial waiver was unintelligent and involuntary. Second, he asserted that he was denied the effective assistance of counsel both because his counsel failed to inform him of the requirement that a jury must be unanimous to convict and because his counsel failed to request a JRAD pursuant to 8 U.S.C. sec. 1251(b)(2).

At the post-conviction hearing Resio insisted that he would not have waived a jury trial had he been told of the unanimity requirement at the arraignment. He explained that:

> For me better to have twelve people, for them to hear my case instead of just one person. It would have helped in having twelve persons instead of one. The decision would have been made a lot more carefully.

The circuit court denied the motion. It concluded that Resio was told the difference between a jury trial and a trial to the court. In fact, it noted that Resio was told that at a jury trial twelve people rather than a single judge would make the decision. Resio's claim that he was not informed that twelve people would decide whether he committed the offense was the very reason cited by Resio for requesting a new trial. Thus,

the court found that Resio knowingly and voluntarily waived his right to a jury trial.

The circuit court also concluded that Resio was not denied the effective assistance of counsel. It held that there was no requirement that counsel tell his or her client about the unanimity requirement. It concluded that there was no deficient performance because counsel's advice to waive the right to a jury trial was reasonable. It further concluded that there was no prejudice because Resio stated that he was simply relying on the advice of his counsel and probably would have done so even if he would have known of the unanimity requirement. Finally, the court found that trial counsel's failure to request a JRAD had no effect on the case.

On July 8, 1987, Resio appealed from both the order denying his post-conviction motion and from the judgment of conviction. The court of appeals certified the case to this court. We refused to take jurisdiction and remanded the case to the court of appeals.

The court of appeals reversed. It noted that unanimity is an essential feature of the right to a jury trial in Wisconsin. It concluded that Resio did not knowingly waive his right to a jury trial since he did not know about the unanimity requirement.

The court of appeals also concluded that Resio was denied the effective assistance of counsel because his trial counsel did not tell him about the unanimity requirement. The court concluded that counsel's performance was deficient because the unanimity requirement is such an essential feature of the right to a jury trial that counsel must inform his client of it. Further, the court found that Resio was prejudiced by the deficient performance.

The court of appeals also noted that Resio had claimed that he was denied the effective assistance of counsel because his lawyer failed to request a JRAD. Although it determined that it did not need to address this issue, the court noted that in *State v. Santos,* 136 Wis. 2d 528, 401 N.W.2d 856 (Ct. App. 1987), the court of appeals had held that a failure to request a JRAD did not constitute ineffective assistance.

■

The first issue before this court is whether Resio validly waived his constitutional right to a trial by jury. The right to a trial by jury is one of the rights that is "so fundamental to the concept of fair and impartial decision making, that their relinquishment must meet the standard set forth in *Johnson v. Zerbst,* 304 U.S. 458 (1938). That is, the waiver must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst,* 304 U.S. at 464." *State v. Albright,* 96 Wis. 2d 122, 130–31, 291 N.W.2d 487 (1980).

Resio insists that, in order for a waiver of a jury right to be valid, the defendant must know that he or she cannot be convicted by a jury unless the jury votes unanimously to do so. Because he was unaware of the unanimity requirement, an essential element of the jury trial right, Resio contends his waiver was unknowing and, therefore, invalid. This argument is made notwithstanding the fact that he was told twelve people would "decide whether or not you committed this offense." Nothing was said to suggest anything other than unanimity was required.

■

We recognize that the right to a jury trial set forth in Wisconsin Constitution includes the right to an unanimous verdict. *State v. Lomagro,* 113 Wis. 2d 582,

590, 335 N.W.2d 583 (1983). However, we reject Resio's contention that a waiver of the jury trial right is invalid unless the defendant is specifically made aware of the unanimous verdict requirement.

We agree with the Seventh Circuit in *United States ex rel. Williams v. DeRobertis,* 715 F.2d 1174, 1180 (7th Cir. 1983), *cert. denied,* 464 U.S. 1072 (1984), that a defendant's waiver of the right to a trial by jury is valid when he or she understands the basic "purpose and function" of a jury trial. The *DeRobertis* court assumed for the purpose of discussion that the sixth amendment guaranteed a defendant's right to participate in jury selection and the right to a substantial majority verdict of the jury. *Id.* at 1179. It concluded, however, that a defendant could validly waive his or her jury trial right without knowing of these attributes of a jury trial. *Id.* at 1180. The court noted that while a lawyer sees a legal right as a set of legal principles, "the significance of a right to a layperson lies in its purpose and function." *Id.*

While there are many facets to a jury trial right, the purpose and function of the right was simply stated in *Apodaca v. Oregon,* 406 U.S. 404 (1972). A jury trial "prevent[s] oppression by the Government by providing 'a safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge.' *Duncan v. Louisiana,* 391 U.S. at 156." *Apodaca,* 406 U.S. at 410. Thus, the key feature of the right to a jury trial is that the defendant's case is tried before a group of twelve fellow citizens in the community rather than by a single state judicial official. *DeRobertis,* 715 F.2d at 1180. When a defendant waives the right to a jury trial understanding that his or her guilt or innocence will be determined by a single judge rather than

by a group of twelve lay persons, that waiver is valid and effective.

Based upon these principles, Resio's waiver in this case was valid. At the waiver hearing the judge carefully explained the differences between a jury trial and a trial to the court. Resio indicated that he understood this distinction in the colloquy set forth in the introductory part of this opinion.

In addition to participating in this exchange, Resio also discussed the differences between a jury trial and trial to the court with his counsel prior to the hearing. This discussion lasted between thirty and forty-five minutes. Of this discussion, Resio's counsel testified: "I know that we discussed that a jury is twelve people who sit in the box who make the decision, and that either a jury makes the factual determination or the judge does."

■

Having discussed the differences between a jury trial and a trial to the court with both his counsel and the judge, Resio was asked by the court: "Are you giving up that right to—giving up that right to a jury trial freely and voluntarily?" He responded "[y]es," thus effectively waiving his right to a jury trial. He later confirmed this oral waiver by signing a valid jury waiver form. Having understood the essential purpose and function of a jury trial, Resio's waiver is valid.

■

Although we have determined that knowledge of the unanimity requirement is not constitutionally required for a valid jury waiver, as a matter of judicial administration pursuant to our powers under Art. VII sec. 3 of the Wisconsin Constitution, we direct that, from the date of the mandate of this decision, a circuit court in a criminal case must advise the defendant that

696

the court cannot accept a jury verdict that is not agreed to by each member of the jury.

The second issue before this court is whether Resio was denied the effective assistance of counsel because his counsel failed to tell him of the unanimity requirement. We hold that he was not denied the effective assistance of counsel because his counsel's performance was neither deficient nor prejudicial.

■

"Whether counsel's actions constitute ineffective assistance is a mixed question of law and fact." *State v. Johnson,* 133 Wis. 2d 207, 216, 395 N.W.2d 176 (1986). The ultimate conclusion of whether counsel's conduct constitutes ineffective assistance is a question of law to be decided without deference to the circuit court's decision. *Id.* "The trial court's determinations of what the attorney did, or did not do, and the basis for the challenged conduct are factual and will be upheld unless they are clearly erroneous." *Id.*

■

The United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), set forth a two-part analysis for determining whether counsel's assistance was ineffective. In order for a defendant to succeed in a claim of ineffective assistance, he or she must satisfy both of the following requirements. *Id.* at 687. First, the defendant must show that counsel's performance was deficient. *Id.* Second, the defendant must show that the deficient performance prejudiced the defense. *Id.*

■

To demonstrate that the performance was deficient, the defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* This requires the defendant to show

that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Reviewing courts must be highly deferential and should start with a presumption that counsel's actions are reasonable. *Id.* at 689.

To demonstrate that counsel's deficient performance was prejudicial, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. This is not an outcome-determinative test under which the defendant must show that counsel's errors *more likely than not* changed the outcome of the case. *Id.* at 693. Instead, "[t]he defendant must show that there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694 (emphasis added).

Viewed under these standards, Resio's claim must fail. His counsel's performance was neither deficient nor prejudicial.

As we have determined, it was not necessary for Resio to understand the unanimity requirement in order to validly waive his right to a jury trial. Therefore, it was not so unreasonable for counsel not to inform Resio of this requirement as to constitute ineffective assistance of counsel.

Indeed, trial counsel's representation in this case seems quite adequate. Before the waiver hearing he spent thirty to forty-five minutes discussing with Resio the nature and function of a jury trial. Further, counsel's recommendation to waive a jury trial seems reasonable given Resio's alien status and the fact that he intended to rely on the defense that the state would

fail to meet to its burden of proof. Overall, rather than acting unreasonably, Resio's counsel appears to have acted in a competent manner. The performance was not deficient.

Likewise, Resio has failed to demonstrate that he was prejudiced by his counsel's performance. It is reasonable to conclude, given this record, that Resio would have chosen to waive his jury trial right even if he had been specifically told of the unanimity requirements. At his post-conviction hearing Resio gave the following explanation for wanting a jury trial: "For me better to have twelve people, for them to hear my case instead of just one person. It would have helped in having twelve persons instead of one. The decision would have been made a lot more carefully." We find it significant that this is precisely what his counsel and the court told him at his waiver hearing. Given this explanation, it is difficult to see how his decision to waive the jury trial would have changed if he had been specifically told of the unanimity requirement. Further, it is clear from the record that Resio relied heavily on his counsel's advice in making his waiver decision. At his post-conviction hearing Resio insisted, "I was going by what my attorney was telling me." It is likely that he would have still accepted his attorney's advice even if he had known of the unanimity requirement. We conclude counsel's performance did not prejudice Resio.

For the foregoing reasons, we reverse the court of appeals. Resio validly waived his right to a jury trial and was not denied the effective assistance of counsel.

*By the Court.* The decision of the court of appeals is reversed.