STATE of Wisconsin, Plaintiff-Respondent,

v.

Bobby G. GRANT, Defendant-Appellant.†

Court of Appeals

*No. 98–2206–CR. Submitted on briefs May 21, 1999.—Decided August 18, 1999.*

(Also reported in 601 N.W.2d 8.)

†Petition to review denied.

91

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Patrick M. Donnelly,* assistant public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Michael R. Klos,* assistant attorney general.

Before Nettesheim, Anderson and Mueller,[1] JJ.

MUELLER, J.   Bobby G. Grant appeals from a judgment of conviction for one count of second-degree sexual assault in violation of § 940.225(2), STATS.; one

---

[1] Circuit Judge Emily S. Mueller is sitting by special assignment pursuant to the Judicial Exchange Program.

count of battery in violation of § 940.19(1), STATS.; one count of intimidation of a victim in violation of § 940.45(3), STATS.; one count of false imprisonment in violation of § 940.30, STATS.; and one count of criminal trespass to a dwelling in violation of § 943.13, STATS., all as a habitual offender. He also appeals from the trial court's denial of his motion for postconviction relief. Grant waived his right to a jury trial and was found guilty on all counts following a trial to the court. On appeal, Grant argues that he is entitled to a new trial because at the time he waived his right to a jury trial, the trial court failed to advise him that a verdict in a criminal jury trial must be unanimous. We disagree and affirm the judgment and the order.

While we find that the trial court failed to properly advise Grant of the jury unanimity requirement, Grant is not thereby automatically entitled to a new trial. Rather, the appropriate remedy is a postconviction motion pursuant to the procedures set forth in *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), to determine the defendant's knowledge and understanding of the rights being waived. *Bangert*, however, requires a threshold allegation by the defendant that he or she did not know or understand the rights at issue before he or she may be entitled to a hearing. Grant has failed to make this allegation. Accordingly, we further hold that his postconviction motion was deficient and was properly denied by the trial court.

## BACKGROUND

Grant was charged in a criminal complaint filed on July 31, 1996, with one count of second-degree sexual assault, one count of intimidating a victim, one count of substantial battery, and one count of criminal trespass to a dwelling, all counts charged as a repeat offender.

Following a preliminary hearing, Grant was bound over for trial on an information charging the same four violations and an additional count of false imprisonment.

Grant appeared for a scheduled jury trial on May 9, 1997. Defense counsel advised the trial court that his client intended to waive his right to a jury and proceed on a bench trial. Defense counsel noted for the record that the waiver was "against [counsel's] advice," but advised that they had "fully discuss[ed]" Grant's right to a jury trial and that Grant had decided that a jury trial was not in his best interests. Grant agreed with these representations.

The trial court then engaged Grant in a brief personal colloquy on the issue of waiver. When asked whether Grant wanted the court to "act as both the finder of fact and the determiner of the law," Grant answered "yes." Grant acknowledged that he had not been forced, coerced or threatened into waiving his right to a jury trial. After a brief discussion of Grant's mental state and education, the trial court found that Grant had made a free, voluntary and intelligent choice and granted the request to waive a jury trial.

Following a bench trial, the trial court found Grant guilty of the five counts charged in the information and sentenced him on July 22, 1997.

On May 4, 1998, Grant filed a motion for postconviction relief, arguing that he was entitled to a new trial because the trial court failed to advise him, at the time he waived his right to a jury trial, that a verdict in a criminal jury trial must be unanimous. A postconviction hearing was held in the trial court on July 9, 1998. The trial court denied the motion, finding from the transcript of the waiver colloquy that Grant, while not having been explicitly advised of the jury unanimity

requirement, was "sufficiently aware of that requirement both through his attorney and his past experience in the courts" and that he was not entitled to a new trial. Grant appeals.

## DISCUSSION

A criminal defendant's right to a trial by jury is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 7 of the Wisconsin Constitution. The right to a jury trial includes the right to a unanimous verdict. *See State v. Lomagro*, 113 Wis. 2d 582, 590, 335 N.W.2d 583, 588–89 (1983). The right to a jury trial can also be waived in favor of a trial to the court. *See* § 972.02(1), STATS. However, any waiver of that right must be knowing and intentional. *See Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *State v. Albright*, 96 Wis. 2d 122, 130–31, 291 N.W.2d 487, 491 (1980). The waiver must also be made personally by the defendant on the record and it may not be inferred from the defendant's silence. *See Krueger v. State*, 84 Wis. 2d 272, 282, 267 N.W.2d 602, 607 (1978).

Our supreme court determined in *State v. Resio*, 148 Wis. 2d 687, 696, 436 N.W.2d 603, 607 (1989), that knowledge of the unanimity requirement is not constitutionally required for a valid jury waiver. Nonetheless, the court directed that as a matter of judicial administration pursuant to its supervisory authority under Article VII, Section 3 of the Wisconsin Constitution, it would henceforth require that a circuit court in a criminal case advise the defendant that the court cannot accept a jury verdict unless agreed to by each member of the jury. *See Resio*, 148 Wis. 2d at 696–97, 436 N.W.2d at 607. In the case before us, the

State concedes, and our review of the record confirms, that the trial court did not comply with this requirement.

The issue before this court is the proper remedy for a violation of the court's directive in *Resio*. Grant contends that the per se remedy is a new trial. The State argues that the proper remedy is a postconviction hearing similar to the procedure set forth in *Bangert*, 131 Wis. 2d at 272–76, 389 N.W.2d at 25–27, which is applicable to defective guilty pleas. We agree with the State.

We first address Grant's contention that a new trial is automatically required in the event of a *Resio* violation. Grant argues that this situation is governed by *State v. Livingston*, 159 Wis. 2d 561, 573, 464 N.W.2d 839, 844 (1991), in which the Wisconsin Supreme Court determined that the remedy for a trial court's failure to make a record of a defendant's personal waiver of the right to a jury trial is a new trial. We conclude that *Livingston* is distinguishable.

In *Livingston*, the supreme court ordered a new trial after the trial court failed to conduct a personal colloquy with the defendant regarding a jury waiver. *See id.* There, defense counsel agreed to a bench trial, but Livingston himself never acknowledged waiving the right. *See id.* at 565, 464 N.W.2d at 841. The court held that this was a violation of its *Krueger* directive, *see Livingston*, 159 Wis. 2d at 569, 464 N.W.2d at 843, that "henceforth a record demonstrating the defendant's willingness and intent to give up the right to be tried by a jury must be established before the waiver is accepted." *Krueger*, 84 Wis. 2d at 282, 267 N.W.2d at 607. The court in *Livingston* looked to § 972.02(1), STATS., which provides that "criminal cases *shall* be tried by a jury . . . *unless* the defendant waives a jury in writing or by statement in open court." (Emphasis

added.) It construed the statute to require a jury trial absent an appropriate waiver by the defendant. *See Livingston*, 159 Wis. 2d at 568, 464 N.W.2d at 842. Since *Krueger* had ruled that such a waiver must be personally made by the defendant—not by counsel and not presumed from the defendant's silence—the trial court's failure to conduct a personal colloquy rendered Livingston's waiver invalid. *See Livingston*, 159 Wis. 2d at 569, 464 N.W.2d at 843. Regarding the appropriate remedy, the court rejected the State's claim that the case should be remanded for a *Bangert*-type postconviction hearing. *See Livingston*, 159 Wis. 2d at 571–73, 464 N.W.2d at 843–44. Because "the procedure required by sec. 972.02(1), STATS., and *Krueger* is a per se requirement," it ruled that "failure to follow that procedure, by itself and independent of constitutional considerations" that would be examined in a *Bangert* hearing, requires the granting of a new trial. *Livingston*, 159 Wis. 2d at 573, 464 N.W.2d at 844.

Grant contends that he stands precisely in the position of the defendant in *Livingston*. He urges that he has not alleged a constitutional violation but rather a failure of the trial court to comply with the *Resio* mandate. Such proclamations issued pursuant to the supreme court's supervisory powers—like that in *Krueger*—create, he contends, a strict per se rule, independent of constitutional considerations, mandating a new trial.

We disagree. Grant's situation can be distinguished using the same analysis employed by the *Livingston* court to distinguish the issue before it from that in *Resio*. It characterized the waiver colloquy in *Resio* as follows:

> [T]he defendant personally and on the record waived his right to a jury, pursuant to sec. 972.02(1) STATS., and *Krueger*; however, the trial judge never explained to the defendant the need for a unanimous jury. In other words, the issue was not whether there was a valid waiver under sec. 972.02(1), STATS., and *Krueger*, but whether the waiver that occurred was constitutionally valid, *i.e.*, sufficiently knowing and voluntary. Under these circumstances, a postconviction hearing was the proper remedy.

*Livingston*, 159 Wis. 2d at 574, 464 N.W.2d at 845. The court went on to say that *Resio* is "applicable only where a personal waiver of trial by jury has occurred in accordance with statutory and case law." *Livingston*, 159 Wis. 2d at 574, 464 N.W.2d at 845.

The critical distinction for the *Livingston* court, and for this court in determining Grant's remedy, is whether a personal waiver colloquy actually took place. We see a marked difference between cases in which there is no colloquy at all (*Livingston*) and cases such as *Resio* and the one before us in which a colloquy is held but a component of the colloquy is deficient. In the latter instance, a postconviction hearing is required to determine whether the defendant actually knew and understood the rights that he or she was waiving pursuant to the colloquy.

We conclude that the supreme court's decision in *Bangert* sets forth the appropriate procedural framework to consider in determining whether a jury trial waiver is knowing and voluntary. *Bangert* established the procedure a trial court must follow when a defendant maintains that the § 971.08, STATS., procedure is not undertaken or whenever court-mandated duties are not fulfilled at the plea hearing.

In *Bangert*, the supreme court placed the initial burden with the defendant to make a prima facie showing that the plea was accepted without the trial court's compliance with § 971.08, STATS., or other mandatory procedures set forth in the *Bangert* decision. Where a prima facie showing is made, and where the defendant alleges that he or she did not know or understand the information that should have been provided at the plea hearing, the burden shifts to the State to show by clear and convincing evidence that the plea was knowingly and voluntarily entered despite the inadequacy of the colloquy at the time of the plea's acceptance. The State may use the entire record to meet its burden, including the testimony of the defendant and defense counsel. *See Bangert*, 131 Wis. 2d at 274–75, 389 N.W.2d at 26.

Adaptation of this procedure to the present case means that if Grant can make a prima facie showing that the jury waiver was defective and that he did not understand the jury unanimity requirement, the burden then shifts to the State to show by clear and convincing evidence that Grant in fact voluntarily and intelligently waived his right to a jury trial. If the State fails to meet its burden of proof, the conviction must be reversed because there is nothing in the record to indicate that Grant was in fact properly apprised of his right to a unanimous jury verdict or that he voluntarily and intelligently waived that right. If the State does meet its burden of proof, the facially defective record is overcome by evidence showing that Grant's constitutional right to a jury trial was not violated because he understood his right to jury unanimity and voluntarily waived that right.

The *Bangert* decision itself appears to negate Grant's assertion that directives issued pursuant to the supreme court's supervisory powers create a strict per se rule which mandates a new trial independent of constitutional considerations. The court there opined that "[a] postconviction review of all relevant evidence may reflect that the plea was constitutionally sound, even though the colloquy did not meet statutory procedures *or satisfy obligations stemming from our supervisory powers.*" *Id.* at 276, 389 N.W.2d at 27 (emphasis added).

This is not the first time the *Bangert* procedure has been expanded to provide a remedy for a deficient waiver colloquy. The *Bangert* procedure has recently been approved as the appropriate remedy for a defective waiver of right to counsel. In *State v. Klessig*, 211 Wis. 2d 194, 204–06, 564 N.W.2d 716, 720–21 (1997), the court considered the defendant's claim that he did not knowingly and voluntarily waive his right to counsel at trial where the trial court had not conducted a colloquy on that issue. The supreme court mandated a trial court colloquy with the defendant to ensure a valid waiver of counsel. After setting forth the rule, it also addressed the appropriate postconviction procedure which should be undertaken where that mandate was not followed. The court adopted "an evidentiary hearing procedure for resolving invalid waiver of counsel claims that is similar to the procedure established by this court for the resolution of guilty plea waivers." *Id.* at 207, 564 N.W.2d at 722.

Having determined that the *Bangert* procedure is the appropriate remedy for a *Resio* violation, we turn to its application in this case. Here, Grant did not allege in his postconviction motion—or at any time—that he

was in fact unaware of his right to a unanimous jury verdict at the time he entered his waiver. He has consistently argued that the issue of knowledge is irrelevant because his claim is not constitutional but rather hinges on the proposition that a violation of the *Resio* directive automatically requires a new trial. Having relied on the concept of a per se rule—which we have now rejected—Grant has not attempted to make a record on the issue of the knowing and voluntary nature of his waiver. This is so even though the State raised the issue of that deficiency early in the postconviction proceedings.

■

The court in *Bangert* imposed two threshold requirements upon a defendant seeking to challenge a plea hearing: first, a showing of a prima facie violation of the trial court's statutory and other mandatory duties, and second, an allegation that the defendant in fact did not know or understand the information which should have been provided. *See Bangert*, 131 Wis. 2d at 274, 389 N.W.2d at 26; *State v. Giebel*, 198 Wis. 2d 207, 216, 541 N.W.2d 815, 818 (Ct. App. 1995).

In *Giebel*, the trial court failed to personally address Giebel and verify that he understood each element of the crimes with which he was charged. *See Giebel*, 198 Wis. 2d at 211, 541 N.W.2d at 817. Giebel brought a motion for postconviction relief in which he sought to withdraw his plea on the grounds that the plea colloquy was inadequate because he was not informed of the elements of the offense of armed robbery. His motion contained no allegations that he did not know or understand the elements of armed robbery. *See id.* at 217, 541 N.W.2d at 819. After analyzing the requirements under *Bangert*, this court held that the defendant's failure to meet the second threshold

101

requirement of *Bangert* was fatal to his postconviction claim and therefore affirmed the trial court's denial of Giebel's motion to withdraw his plea. *See Giebel*, 198 Wis. 2d at 217, 541 N.W.2d at 819.

Here, Grant stands in the same shoes as the defendant in *Giebel*. While he has adequately alleged the threshold requirement that there was an inadequate waiver colloquy, he has failed to allege that he was unaware of the jury unanimity requirement. That omission is fatal to his postconviction claim. We therefore affirm the judgment and the trial court's denial of Grant's motion for a new trial.

*By the Court.*—Judgment and order affirmed.