STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeffery G. SUTTON,
Defendant-Appellant-Petitioner.

Supreme Court

*No. 2010AP1391–CRNM. Oral argument January 12, 2012.
—Decided March 8, 2012.*

2012 WI 23

(Also reported in 810 N.W.2d 210.)

27

For the defendant-appellant-petitioner there were briefs by *Kaitlin A. Lamb, Colleen Ball,* assistant state public defenders and oral argument by *Colleen Ball.*

For the plaintiff-respondent there was a brief filed by *James M. Freimuth,* assistant attorney general, with whom on the brief was *J.B. Van Hollen.* The cause was argued by *Christine A. Remington,* assistant attorney general.

An amicus curiae brief was filed by *Robert R. Henak* and *Henak Law Office, S.C.,* Milwaukee, for Counsel for Wisconsin Association of Criminal Defense Lawyers.

¶ 1. SHIRLEY S. ABRAHAMSON, C.J.   This is a review of an unpublished opinion and order of the court of appeals[1] issued by one judge pursuant to Wis. Stat. §§ 752.31(2) and (3) (2009–10).[2]

¶ 2.   Jeffery G. Sutton, the defendant, was convicted (at a bench trial) of misdemeanor retail theft pursuant to Wis. Stat. §§ 943.50(1m)(b) and (4)(a) in the circuit court for Milwaukee County, Dominic S. Amato, Judge. The court of appeals affirmed the misdemeanor conviction. The court of appeals accepted the

---

[1] *State v. Sutton,* No. 2010AP1391–CRNM, unpublished opinion & order (Wis. Ct. App. Jan. 11, 2011).

[2] All subsequent references to the Wisconsin Statutes are to the 2009–10 version unless otherwise indicated.

29

no-merit report, relieved defendant's counsel of further representation, and denied the defendant's request to remand the cause to the circuit court to determine whether the defendant knowingly, intelligently, and voluntarily waived his right to a jury trial. The court of appeals stated that the defendant may pursue relief under Wis. Stat. § 974.06.

¶ 3.   The question posed is whether under the following three salient facts (in the complex procedural posture of the present case, which we will set forth below), the court of appeals erred in concluding that the defendant may raise the issue of postconviction counsel's ineffective assistance of counsel in a Wis. Stat. § 974.06 motion and erred in failing to remand the matter to the circuit court to allow the defendant to pursue a new or amended postconviction motion.[3]

¶ 4.   First:   The circuit court conducted a deficient personal colloquy with the defendant relating to the defendant's waiver of his right to a jury trial.

¶ 5.   Second:   The defendant was sentenced to only a single day, time served, and therefore was not in custody when he sought postconviction relief in the circuit court or when he appealed his conviction in the court of appeals.

¶ 6.   Third:   Postconviction counsel filed a defective postconviction motion and thus failed to preserve the defendant's challenge to the validity of his waiver of his right to a jury trial. Postconviction counsel knew that the defendant claimed unawareness of his right to

---

[3] The State Public Defender's brief on behalf of the defendant asserts that had the court of appeals remanded the matter to the circuit court, the State Public Defender would have appointed a new attorney at the defendant's request.

30

a unanimous verdict at the time of the jury waiver, but she neglected to allege that unawareness in the motion.

¶ 7.  We conclude that the court of appeals erred as a matter of law in ruling that the defendant had an avenue of relief through Wis. Stat. § 974.06. The defendant could not pursue a § 974.06 motion, which is available only to "a prisoner in custody under sentence of a court or a person convicted and placed with a volunteers in probation program under s. 973.11."[4] The defendant fit neither of these categories.

¶ 8.  The court of appeals' error of law deprived the defendant of any opportunity for review of an on-its-face deficient jury trial waiver colloquy or the clear error by postconviction counsel in filing a defective postconviction motion. In their briefs and at oral argument, the State and the defendant agreed that although he was not in custody, the defendant should be afforded some forum in which he may seek relief. The parties disagreed about the forum.[5]

---

[4] Wis. Stat. § 974.06(1).

[5] The defendant proposed the matter be returned to the circuit court where he could have an opportunity to amend the postconviction motion to correct the allegations or at least seek the circuit court's reconsideration of the order denying the postconviction motion. Under these circumstances, the defendant would have counsel and the burden of proof would be on the State to prove that the defendant knowingly, intelligently, and voluntarily waived his right to a jury trial. Unless the matter is remanded to the circuit court, the defendant contends, he will have no remedy.

The State's brief proposed that the defendant use habeas corpus and raise the issue of ineffective assistance of postconviction counsel. Under this remedy the burden of proof would be on the defendant, and the defendant would not necessarily have appointed counsel.

31

¶ 9. Because the court of appeals' opinion and order was based on an error of law and had the unintended effect of denying the defendant any opportunity to be heard despite a colloquy that was deficient on its face and clear error by postconviction counsel, we reverse the opinion and order of the court of appeals and remand the matter to the court of appeals to reject the no-merit report, reinstate the defendant's direct appeal rights, and remand the matter to the circuit court to allow counsel to file a new or amended motion for postconviction relief. *See* Wis. Stat. §§ (Rules) 809.30, 809.32, 809.82(2).

I

¶ 10. The specific facts underlying the defendant's crime are not relevant to this appeal. The facts relating to the defendant's maneuvers before the circuit court and court of appeals to obtain review of the validity of the defendant's waiver of his right to a jury trial are relevant to this review.

¶ 11. The relevant procedural facts began before trial when the defendant waived his right to a jury trial. On the day of trial, the defendant filed a signed form

For the requirements of habeas relief, the State cited *State ex rel. Fuentes v. Wisconsin Court of Appeals*, 225 Wis. 2d 446, 451, 593 N.W.2d 48 (1999), in which the court noted:

Habeas corpus provides extraordinary relief and is available only where specific factual circumstances are present. First, the party seeking habeas corpus relief must be restrained of his or her liberty.

At oral argument the State withdrew its suggestion that affording habeas relief to the defendant was reasonable and that an exception to the "restrained of liberty" requirement be recognized when no channel of review is actually available to the defendant due to no fault of his own.

waiving his right to a jury trial. To determine whether the defendant's waiver of the jury trial was knowing, intelligent, and voluntary so that the circuit court could accept the waiver, the circuit court conducted a personal colloquy with the defendant. In *State v. Anderson,* 2002 WI 7, ¶¶ 22–23, 249 Wis. 2d 586, 638 N.W.2d 301, the court held that such a personal colloquy is required even when the accused files a signed waiver.

¶ 12. The circuit court's personal colloquy on the record with the defendant on his right to a jury trial reads as follows:

> The Court:   You wanna waive your right to a jury trial, Jeffrey?
>
> The Defendant:   Yes, Your Honor.
>
> The Court:   You understand you're entitled to a 12–person fair and impartial jury trial?
>
> The Defendant:   Yes, Your Honor.
>
> The Court:   No one's forcing you or threatening you to do it?
>
> The Defendant:   No.
>
> The Court:   Counsel, is he making a knowing, intelligent, voluntary decision without coercion?
>
> Mr. Plaisted:   I believe so.
>
> The Court:   All right. I'll find the waiver.

██

¶ 13. The defendant, the State, the court of appeals, and this court all agree that the circuit court's colloquy with the defendant relating to the waiver of the jury trial was on its face deficient under *State v. Anderson,* 2002 WI 7, ¶ 24, 249 Wis. 2d 586, 638 N.W.2d 301. The colloquy failed to inform the defendant that at a jury trial, a 12–person jury would have to agree on all

elements of the crime charged.[6] Neither party made note of the deficient colloquy at the time.

¶ 14. Immediately following the conviction, post-conviction counsel filed a no-merit report with the court of appeals. The transcript of the waiver hearing was missing from the record, so the court of appeals ordered postconviction counsel to arrange for the transcript to be included and to file a supplemental no-merit report. Upon retrieving the missing transcript, postconviction counsel evidently realized the colloquy presented an arguably meritorious issue and made note of the issue in the supplemental no-merit report. The court of appeals agreed there was an arguably meritorious issue, rejected the no-merit report, voluntarily dismissed the appeal, and extended the deadline for counsel to file a motion for postconviction relief in the circuit court.

¶ 15. The court of appeals' authority to extend the deadline is found in Wis. Stat. § (Rule) 809.82(2), which allows the court of appeals upon its own motion or upon 301. The colloquy failed to inform the defendant that at good cause shown by motion to extend a Wis. Stat. § (Rule) 809.30 or 809.32 filing deadline.[7]

---

[6] We have stated that such a colloquy must ensure that the defendant

> (1) made a deliberate choice, absent threats or promises, to proceed without a jury trial; (2) was aware of the nature of a jury trial, such that it consists of a panel of 12 people that must agree on all elements of the crime charged; (3) was aware of the nature of a court trial, such that the judge will make a decision on whether or not he or she is guilty of the crime charged; and (4) had enough time to discuss this decision with his or her attorney.

State v. Anderson, 2002 WI 7, ¶ 24, 249 Wis. 2d 586, 638 N.W.2d 301 (citing 1 Wisconsin Judicial Benchbook CR22–3 through CR22–6 (2d ed. 2001)).

[7] See State v. Evans, 2004 WI 84, ¶¶ 27, 28, 36–38, 273 Wis. 2d 192, 682 N.W.2d 784 (overruled on other grounds by

¶ 16. Postconviction counsel then filed a motion in the circuit court alleging that the defendant's waiver of the jury trial was deficient under *Anderson*. Unfortunately, the postconviction motion did not comply with the requirements set forth in *State v. Grant*, 230 Wis. 2d 90, 601 N.W.2d 8 (Ct. App. 1999). The postconviction motion failed to allege, as required by *Grant*, 230 Wis. 2d at 99, that the defendant was unaware of his right to a unanimous verdict when he waived his right to a jury trial.[8]

¶ 17. Because of this defect in the allegations in the motion, the circuit court denied the defendant's postconviction motion.[9]

---

*State ex rel. Coleman v. McCaughtry*, 2006 WI 49, ¶ 29, 290 Wis. 2d 352, 714 N.W.2d 900); *State v. Harris*, 149 Wis. 2d 943, 945–47, 440 N.W.2d 364 (1989); Judicial Council Committee's Note, 1981, Wis. Stat. § 809.82 ("Sub. (2) is amended to permit the court of appeals to extend the time for filing a notice of appeal or cross-appeal in appeals under Rule[ ] 809.30 . . . ."); Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin* § 18.7, at 9; § 19.29, at 39 (2011) ("The court of appeals has a generally lenient policy about granting extensions that will enable a criminal defendant to prosecute an appeal.").

[8] The requirements imposed in *State v. Grant*, 230 Wis. 2d 90, 601 N.W.2d 8 (Ct. App. 1999), were adopted from *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), which created a procedural framework for determining whether a guilty plea was defective.

The procedure to be followed to determine whether the defendant's waiver of the jury trial was knowing, intelligent, and voluntary is like the procedure set forth in *Bangert* relating to guilty pleas. *See Grant*, 230 Wis. 2d at 93.

[9] *See Grant*, 230 Wis. 2d at 93 (a postconviction motion lacking the allegation that the accused did not know or understand the rights being waived is properly denied by the circuit court).

¶ 18. Postconviction counsel then filed a motion in the court of appeals for an extension of the Wis. Stat. § 809.30 deadline in order to go back to the circuit court and ask the circuit court to reconsider its denial of the postconviction motion and to allow the defendant to cure the defect in the postconviction motion by supplying the missing allegation.

¶ 19. Reconsideration serves an important function pending appeal in obviating the need for an appeal and honing the issues and analysis.[10] "The law gives a judge the right to change his or her mind, so long as it is done in a timely fashion and the parties are given a fair chance to be heard. . . . A judge should not have to live with the consequences of a decision that he or she, upon reflection, believes to be wrong."[11]

¶ 20. On reconsideration, the court may have relied on Wis. Stat. § 802.09 by analogy to allow liberal amendment of the motion. Section 802.09 provides that leave to amend pleadings "shall be freely given at any stage of the action when justice so requires."[12] Although

[10] *Metro Greyhound Mgmt. Corp. v. Wis. Racing Bd.*, 157 Wis. 2d 678, 698, 460 N.W.2d 802 (Wis. App. 1990).

[11] *Village of Thiensville v. Olsen*, 223 Wis. 2d 256, 262, 588 N.W.2d 394 (Ct. App. 1998).

[12] Wis. Stat. § 802.09(1). "[Wisconsin Stat. § 802.09] is intended to facilitate the disposition of litigation on the merits and to subordinate the importance of pleadings. It provides maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." 3 Jay E. Grenig, *Wisconsin Practice Series: Civil Procedure* § 209.1 (4th ed. 2010).

*See also* Wis. Stat. § 972.11(1) (providing that with some exceptions, "rules of . . . practice in civil actions shall be appli-

a motion is not a pleading,[13] the § 802.09 directive to freely give leave to amend pleadings has been applied to § 974.06 motions.[14]

¶ 21.  The circuit court did not have the opportunity to reconsider its ruling because the court of appeals denied the defendant's motion to extend the Wis. Stat. § (Rule) 809.30 deadline and remand the matter to the circuit court for reconsideration of the circuit court's order denying the defective postconviction motion.

¶ 22.  There may have been some confusion about what deadlines were applicable for certain actions and what postconviction counsel was actually requesting. Postconviction counsel wanted to move the circuit court to reconsider its denial of the defendant's postconviction motion. Postconviction counsel evidently believed an extension was needed in order to file this motion for reconsideration in the circuit court. The court of appeals denied the defendant's motion to extend as unnecessary, declaring that the defendant still had time to file a notice of appeal in order to seek appellate review of the circuit court's decision. Postconviction counsel apparently believed that an extension of time was necessary.

---

cable in all criminal proceedings unless the context of a section or rule manifestly requires a different construction").

[13] *See* Wis. Stat. § 802.01.

[14] *State v. Rohl,* 104 Wis. 2d 77, 93, 310 N.W.2d 631 (1981) ("It is within the discretion of the trial court whether to allow an amendment to the pleadings. *Stanhope v. Brown County,* 90 Wis. 2d 823, 834, 280 N.W.2d 711, 715 (1979). The trial court's decision will not be reversed unless there has been a manifest abuse of discretion. *Id.* We believe it is also within the discretion of the trial court whether to allow an amendment to a motion for postconviction relief pursuant to sec. 974.06, Stats."). *See also Zuehl v. State,* 69 Wis. 2d 355, 359, 230 N.W.2d 673 (1975).

¶ 23. Furthermore, the court of appeals mistakenly viewed postconviction counsel's motion as, in effect, a request to the court of appeals to conclude that postconviction counsel performed ineffectively. The court of appeals denied the perceived ineffective assistance of counsel claim because it was not presented first to the circuit court and it did not make the two-part showing of deficiency and prejudice required by *Strickland v. Washington*, 466 U.S. 668 (1984).

¶ 24. Thereafter, postconviction counsel filed numerous motions in both the circuit court and court of appeals in an understandably desperate attempt to correct her error, to preserve the defendant's right to direct appeal, and to return the case to the circuit court to litigate the defendant's claim that his waiver of a jury trial was not knowing, intelligent, and voluntary.[15] The court of appeals repeatedly denied postconviction counsel's efforts to remand the case to the circuit court. The court of appeals stressed that the defendant had already obtained a ruling on the postconviction motion that could be reviewed on direct appeal by the court of appeals.

¶ 25. Postconviction counsel was persuaded that she could not proceed with a direct appeal challenging the defendant's waiver of a jury trial because the court

[15] Although the court of appeals had denied postconviction counsel's motion for an extension of the deadline to file a motion for reconsideration in the circuit court, the defendant filed such a motion for reconsideration anyway. The defendant alleged he did not understand the rights he was giving up. In response to this motion and an accompanying affidavit, the circuit court scheduled an evidentiary hearing on the defective waiver issue, but the circuit court later determined that it lacked jurisdiction to hold the evidentiary hearing because postconviction counsel had also filed a notice of appeal in the court of appeals.

of appeals would declare, as it did in footnote 2 of its opinion and order, that the circuit court properly denied the defective postconviction motion pursuant to *Grant*.[16] To avoid this result, counsel filed a no-merit report in the court of appeals, *see* Wis. Stat. (Rule) § 809.32, and urged the court of appeals to reject the no-merit report, to reinstate the defendant's direct appeal rights, and to remand the matter to the circuit court for a hearing on the jury trial waiver that counsel claims the circuit court had already scheduled. In other words, this was not a typical no-merit report. Typically in a no-merit report, counsel truly believes no issues exist warranting an appeal and counsel wants to be relieved of further representation.

¶ 26. Before this court, the defendant argues that the court of appeals erred, as a matter of law, in failing to reject the no-merit report on the basis of the jury trial waiver issue.[17]

---

[16] *See* ¶ 17 & n.9, *supra*.

In *Grant*, unlike in the present case, the accused did not claim he was unaware of the jury unanimity requirement.

[17] The defendant points to a sentence from this court's recent decision in *State v. Allen*, 2010 WI 89, ¶ 88, 328 Wis. 2d 1, 786 N.W.2d 124, which at first blush appears to support his argument that unpreserved issues must be revived by the court of appeals in a no-merit appeal. In *Allen*, the court wrote that "the broad scope of review mandated by *Anders* suggests that the court of appeals in a no-merit appeal should identify issues of arguable merit even if those issues were not preserved in the circuit court, especially where the ineffective assistance of postconviction counsel was the reason those issues were not preserved for appeal." We decline to read this statement as a categorical holding that the court of appeals must reject a no-merit report when there is an issue that may once have been meritorious but has been forfeited, waived, or otherwise unpreserved.

¶ 27. In contrast, the State argues that the no-merit report clearly shows that any challenge on appeal to the defendant's waiver of his right to a jury trial is meritless inasmuch as the circuit court properly rejected the defendant's defective postconviction motion.

¶ 28. We summarize the no-merit procedure to provide background for our discussion.

¶ 29. The United States Supreme Court established a no-merit procedure in *Anders v. California,* 386 U.S. 738 (1967). The procedure was created to balance a criminal defendant's constitutional right to counsel on appeal[18] with appellate counsel's ethical obligation not to pursue a frivolous appeal. The Supreme Court explained the no-merit procedure as follows:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he [or she] should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him [or her] to raise any points that he [or she] chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly

---

The defendant also argues that the record and no-merit submissions reveal an arguably meritorious claim of ineffective assistance of postconviction counsel.

The State agrees that postconviction counsel erred but argues that ineffective assistance of postconviction counsel may be raised only after the conclusion of the direct appeal. The State stresses that until the direct appeal concludes, there is no way to know whether the defendant suffered prejudice as a result of postconviction counsel's error. Under *Strickland v. Washington,* 466 U.S. 668, 687 (1984), a defendant must prove not only that counsel's performance was deficient, but also that the deficient performance prejudiced the defendant.

[18] *See Douglas v. California,* 372 U.S. 353, 357 (1963).

40

frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders,* 386 U.S. at 744.

¶ 30.  Wisconsin Stat. § (Rule) 809.32(1) codifies the *Anders* decision and imposes some additional requirements on counsel. The Rule explains that if appointed appellate counsel "concludes that a direct appeal on behalf of the [defendant] would be frivolous and without any arguable merit within the meaning of [*Anders*],"[19] counsel must discuss the merit of all potential appellate issues with the defendant and inform the defendant that he or she may (1) "have the attorney file a no-merit report;" (2) "have the attorney close the file without an appeal;" or (3) "have the attorney close the file and . . . proceed without an attorney or with another attorney retained at the person's expense."[20]

¶ 31.  If the defendant either requests that the no-merit report be filed or does not consent to counsel closing the file without further representation, counsel is instructed to file the no-merit report, which "shall identify anything in the record that might arguably support the appeal and discuss the reasons why each identified issue lacks merit."[21]

[19] Wis. Stat. § (Rule) 809.32(1)(a).

[20] Wis. Stat. § (Rule) 809.32(1)(b).

[21] Wis. Stat. § (Rule) 809.32(1)(a). The United States Supreme Court has upheld Wisconsin's requirement that counsel discuss the reasons why the issues lack merit, rejecting an

41

¶ 32. The defendant is given an opportunity to respond to the no-merit report and argue that the appeal does, in fact, have merit.[22] If counsel "is aware of facts outside the record that rebut allegations made in the [defendant]'s response," counsel may file a supplemental no-merit report replying to the defendant's response, supported by affidavits.[23]

¶ 33. Especially significant is that upon receipt of the no-merit submissions, the Wisconsin court of appeals "follows the requirement of *Anders:* it 'not only examines the no-merit report but also conducts its own scrutiny of the record to find out whether there are any potential appellate issues of arguable merit.' "[24]

¶ 34. Wisconsin Stat. § (Rule) 809.32(3) provides that if "the court of appeals determines that further appellate proceedings would be frivolous and without any arguable merit, the court of appeals shall affirm the judgment of conviction or final adjudication and the denial of any postconviction or post-disposition motion and relieve the attorney of further responsibility in the case."[25]

---

attorney's argument that the additional requirement violated his client's Sixth Amendment rights. *See McCoy v. Court of Appeals of Wis.,* 486 U.S. 429, 430–31 (1988).

[22] The defendant in the present case filed a response to the no-merit report in which he stated that there was merit to his case because he did not understand the rights he was giving up when he waived his right to a jury trial and he had so advised his counsel before she filed the motion.

[23] Wis. Stat. § (Rule) 809.32(1)(e), (f).

[24] *Allen,* 328 Wis. 2d 1, ¶ 21 (quoting *State v. Fortier,* 2006 WI App 11, ¶ 21, 289 Wis. 2d 179, 709 N.W.2d 893).

[25] The parties disagreed about the applicability of Wis. Stat. § (Rule) 809.32(1)(g), which allows the court of appeals to

¶ 35. In the present case, in an unpublished opinion and order,[26] the court of appeals concluded that there were no issues of arguable merit for appeal and summarily affirmed the judgment of the circuit court. The court of appeals further stated that "[t]o the extent counsel concedes she was ineffective when filing the initial postconviction motion, counsel is free to raise that issue in a Wis. Stat. § 974.06 motion pursuant to *State ex rel. Rothering v. McCaughtry.*"[27]

¶ 36. We accepted the defendant's petition for review to determine whether the court of appeals erred and, more specifically, whether and how the defendant under the circumstances of the present case may challenge his waiver of his right to trial by jury and claim ineffective assistance of postconviction counsel.

II

¶ 37. The defendant argues that the record and the no-merit submissions evidence an arguably meritorious claim of a defective waiver of a jury trial and error by postconviction counsel that should have led the court of appeals to reject the no-merit report and to remand the matter to the circuit court. The State, on the other hand, urges that no arguably meritorious claim appears in the no-merit report because the circuit court properly rejected the defendant's defective postconviction motion. The State's brief concludes that habeas is the defendant's avenue of relief. Although the defendant

remand to the circuit court for fact-finding in limited circumstances. We do not address this issue.

[26] *State v. Sutton,* No. 2010AP1391–CRNM, unpublished opinion & order (Wis. Ct. App. Jan. 11, 2011).

[27] *State v. Sutton,* No. 2010AP1391–CRNM, unpublished opinion & order at 3 n.2 (Wis. Ct. App. Jan. 11, 2011).

43

and the State disagree about the proper mechanism the defendant should have to use, both the State and defendant agree that the defendant should have some opportunity to be heard on his claims.

¶ 38. We agree with the State and the defendant that the defendant is entitled to have his claims heard. He has been denied relief through a complex series of gaffes that are not of his own doing.

■

¶ 39. The court of appeals did not have to accept the no-merit report that outlined an unpreserved error at the circuit court. It is well-accepted appellate practice that an appellate court has discretion to reach the merits of an unpreserved issue.

¶ 40. In a thoughtful opinion highlighting some of the complications in Wisconsin's appellate criminal procedure jurisprudence, the court of appeals in *State ex rel. Panama v. Hepp,* 2008 WI App 146, ¶ 27, 314 Wis. 2d 112, 758 N.W.2d 806, observed that an appellate court has the opportunity in a no-merit proceeding to consider whether a failure to preserve an issue should be disregarded in the interests of justice:

> [A] no-merit proceeding also afforded appellate counsel the opportunity to explain why certain issues would lack arguable merit because they have been waived. Such discussion, in turn, *would have provided this court with an opportunity to consider whether the waiver might be one which should be excused in the interests of justice* . . . .[28]

---

[28] *State ex rel. Panama v. Hepp,* 2008 WI App 146, ¶ 27, 314 Wis. 2d 112, 758 N.W.2d 806 (emphasis added).

Much of the complication described by the court of appeals in *Panama,* 314 Wis. 2d 112, ¶¶ 20–25, is not implicated by our resolution of the present case. In *Panama,* 314 Wis. 2d 112,

44

¶ 41. The *Panama* court touched on what we now explain further. Although the *Panama* court referred specifically to the no-merit context, an appellate court's discretion to review an unpreserved issue in the interests of justice applies in traditional appeals as well.[29]

¶ 42. The present case features compelling reasons why the court of appeals might have exercised its discretion to disregard the fact that the defendant had not properly preserved his claim that his waiver of his right to a jury trial was invalid and offered the defendant a forum to raise the issue.

¶ 43. First and foremost, the court of appeals' decision denying the defendant's repeated requests to remand the cause to the circuit court was based on an error of law. The court of appeals instructed the defendant to use a Wis. Stat. § 974.06 motion to challenge the effectiveness of postconviction counsel and the validity of his waiver of his right to a jury trial. Since the defendant was not in custody, he could not use § 974.06, and he was left with no opportunity to litigate his claim of a defective waiver of his right to a jury trial or his claim of ineffective assistance of postconviction counsel (other than his petition for review in this court).

¶ 44. Under these circumstances, the court of appeals might have concluded that the interests of justice compelled it to exercise its discretion to allow the defendant to have his underlying claim of a defective

¶ 20, the court of appeals noted uncertainty about the proper forum for raising a claim that appointed appellate/postconviction counsel was ineffective for failure to raise an unpreserved issue in a no-merit report.

[29] *See State v. Penigar,* 139 Wis. 2d 569, 579, 408 N.W.2d 28 (1987) ("[A]n appellate court may, in its discretion, reach the merits of a party's claimed error which cannot be asserted as a matter of right on appeal.").

waiver of his right to a jury trial reviewed in the circuit court. Because the defendant's claim is at its core an allegation that the defendant was unaware of his right to a unanimous jury, the circuit court would seem in the best position to evaluate the issues.

¶ 45. That being said, we do not simply substitute our judgment for that of the court of appeals. This court has been reluctant to interfere with the discretion of the court of appeals. The general posture of this court is to decline to review discretionary decisions of the court of appeals as long as the discretion "is based upon a proper view of the law."[30]

¶ 46. In the present case, the court of appeals did not have a proper view of the law. The court of appeals apparently understood it had the power to grant the defendant's attempts to return the matter to the circuit court by remand or by extension of the time for filing but chose not to do so.[31] The court of appeals instead focused on how the defendant might claim ineffective assistance of postconviction counsel.

¶ 47. The court of appeals rested its refusal to exercise its discretion to act as the defendant requested on an error of law. The court of appeals concluded that the defendant could pursue collateral relief by filing a Wis. Stat. § 974.06 motion,[32] but the defendant was not in custody so this motion was not available to him.

---

[30] *State v. McConnohie,* 113 Wis. 2d 362, 369, 334 N.W.2d 903 (1983). *See also In re Smythe,* 225 Wis. 2d 456, 462, 592 N.W.2d 628 (1999) (quoting *McConnohie*).

[31] *State v. Sutton,* No. 2010AP1391–CRNM, unpublished opinion & order at 3 n.2 (Wis. Ct. App. Jan. 11, 2011).

[32] *Id.*

¶ 48. In sum, the court of appeals did not intend to leave the defendant without a remedy. The court of appeals had discretion to remand the matter to the circuit court for the defendant to file a new motion, an amended motion or a motion for reconsideration, despite the fact that the defendant's claim relating to the waiver of a jury trial was not properly preserved in the initial postconviction motion.[33] The court of appeals chose not to so exercise its discretion, but the discretionary decision rested on a mistake of law.

¶ 49. The court of appeals' error undermined its crucial assumption that the defendant would have some avenue available for possible relief. The court of appeals' opinion and order had the unintended effect of denying the defendant any opportunity to be heard despite a trial court colloquy deficient on its face and an error by postconviction counsel.

¶ 50. For these reasons, we reverse the opinion and order of the court of appeals and remand the matter to the court of appeals to reject the no-merit report, reinstate the defendant's direct appeal rights, and remand the matter to the circuit court for counsel to file a new or amended motion for postconviction relief. *See* Wis. Stat. §§ (Rules) 809.30, 809.32, 809.82(2).

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the court of appeals.

---

[33] *See* ¶ 17, *supra.*